Elliott WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–078–CR.

Court of Appeals of Texas,
Austin.

April 22, 1982.

Stephen H. Capelle, Austin (Criminal-Court Appointed), for appellant.

Ronald D. Earle, Dist. Atty., Ralph B. Graham, Asst. Dist. Atty., Austin, for appellee.

POWERS, Justice.

Appellant Elliott Williams presents a single ground of error which complains of the organization of the jury which found him guilty of aggravated robbery. Tex.Penal Code Ann. § 29.03(a)(2) (1974). Punishment was assessed by the court at confinement for sixteen years.

The jury panel having assembled in the courtroom, appellant and the State conduct-

ed the voir dire examination. Twelve potential jurors remained after the parties' peremptory strikes. After receiving the trial judge's remarks relative to maintaining their impartiality, the twelve were excused until the next morning. They were not, however, administered the juror's oath before being excused for the day.

With respect to the members of the jury panel who were not selected to serve on the jury, the trial judge finally excused them because "all the courts have juries today and they will not require you to come back tomorrow or this week."

At the call of the case the next morning, the trial judge announced that one of the twelve selected for the jury had become ill and would not be present. The parties do not dispute this juror's disqualification. The judge produced five additional individuals from the central panel who had not been selected the previous day from a panel assigned to another court. The judge offered these five individuals for voir dire examination by the parties.

Appellant moved for a mistrial and the calling of an entirely new panel from which to select the jury; and, in the alternative, moved that the jury be completed by the individual on the original panel who next appeared on the list after the twelfth person chosen from that panel.

The trial judge overruled appellant's motion for mistrial and proposed that the case be tried with the eleven individuals from the original panel or that the jury be completed by selection of one from the five additional individuals brought that morning from the central panel, following a voir dire examination, each party being allowed two additional peremptory strikes in that respect.

Appellant chose "to proceed with the small voir dire and have 12 jurors in the case...." Curiously, however, appellant renewed his motion for mistrial, stating that he objected "to the procedures at this time that [he] will be put in," evidently an objection directed at the failure of the court to discharge the first panel in its entirety and begin jury selection anew from an altogether different panel. In any event, the trial court shuffled the cards of the five prospective jurors and the parties conducted a voir dire examination of the five, following which they exercised their two peremptory strikes. The individual who remained after the strikes took his place with the original eleven jurors to complete the jury. They were sworn, the trial proceeded, and the jury returned a verdict of guilty.

Appellant contends the twelve original individuals, including the one who became ill, were the "jury" in the case in the contemplation of Tex.Code Crim.Pro.Ann. art. 36.29 (1981) (the "Code"), although not sworn at the time the one became disqualified by illness. From this premise, appellant reasons that the trial court erred in not allowing the eleven original jurors to hear the evidence and render a verdict. Article 36.29 provides:

Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman; provided, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. . . .

Appellant contends, in the alternative, that if the foregoing statutory provision was not applicable to the circumstances, the

trial court erred because the choice he put to the appellant—to proceed with eleven jurors or select a twelfth from the five supplemental individuals from the central panel—contained two impermissible alternatives: the eleven individuals from the original panel did not constitute the requisite jury of twelve; and, selecting a twelfth juror from the five supplemental individuals from the central panel is not a procedure authorized by statute for completion of a jury.

■ We hold article 36.29 of the Code was not applicable to the circumstances. The twelve original individuals, not having yet been sworn to the juror's oath, were not the "jury" in court contemplated by the article and there was no "trial" which was "pending" at the time the one individual became ill and, therefore, disqualified. *Thomas v. Billingsley*, 173 S.W.2d 199 (Tex. Civ.App.—Dallas 1943, writ ref'd); *Johnson v. State*, 525 S.W.2d 170 (Tex.Cr.App.1975). Despite the trial judge's erroneous suggestion that the procedure contemplated by article 36.29 could be followed at appellant's election, the suggestion was harmless because that procedure was not followed.

Nevertheless, the jury remained incomplete without the twelve individuals contemplated by article 33.01 of the Code and implied forcefully in article 36.29 of the Code. The trial judge was required to complete the jury.

■ It is true that no statutory provision deals specifically with the narrow circumstance presented by this case (that is, twelve individuals are selected for the jury but before being sworn to serve, one becomes disqualified), in the specific way article 36.29 of the Code allows a sworn jury to render a verdict after being reduced to eleven members. Nevertheless, we do not doubt the authority of the trial judge to complete a jury, before twelve jurors are sworn, by requiring additional individuals to be furnished from the central panel in a number sufficient to complete a fair and impartial jury. He was not required to discharge the first panel and delay the trial by starting anew the selection of a jury from an altogether different panel. We find his authority implied in article 33.09 of the Code which provides:

> Jury panels ... for the trial of criminal cases shall be selected and summoned ... in the same manner as the selection of panels for the trial of civil cases except as otherwise provided in this Code....

Texas R.Civ.P. 231 and 235, authorizes the calling of additional individuals to supplement a jury panel rendered insufficient (by disqualifications or peremptory strikes) to supply a jury of twelve. Finally, article 34.02 of the Code provides:

> In any criminal case in which the court deems that the veniremen theretofore drawn will be insufficient for the trial of the case, or in any criminal case in which the venire has been exhausted by challenge or otherwise, the court shall order additional veniremen in such numbers as the court may deem advisable....

Finding no error, we affirm the judgment of the trial court.