**Ex parte Joe SILVAS.**

No. 66,639.

Court of Criminal Appeals of Texas,
En Banc.

May 12, 1982.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON THE STATE'S MOTION FOR REHEARING

DALLY, Judge.

On original submission this Court granted habeas corpus relief and reversed the judgment of conviction on the ground that it was obtained in violation of the carving doctrine. This Court abandoned the carving doctrine in *Ex parte McWilliams* (No. 64,508 delivered May 12, 1982). We have thus considered the State's Motion for Rehearing and order the relief denied.

Since we have abandoned the carving doctrine, we will determine the double jeopardy implications of the successive prosecutions herein by applying the offense defining test set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

The *Blockburger* rule will not preclude successive convictions here. The offenses, attempted murder, aggravated robbery, and aggravated rape, are clearly separate offenses: conviction of each offense requires proof of an additional fact which the other does not. See V.T.C.A. Penal Code, Secs. 15.01, 19.02, 29.03, and 21.03.

Since there is no double jeopardy violation in the three convictions herein, the State's Motion for Rehearing is granted; habeas corpus relief is denied.

It is so ordered.

ONION, P. J., and ROBERTS and TEAGUE, JJ., dissent, as they did in *Ex parte McWilliams* (Tex.Cr.App. No. 64,508 delivered May 12, 1982) (Roberts, J., dissenting).

CLINTON, Judge, dissenting.

For the reasons stated in my dissenting opinion in *Ex parte Stephen McWilliams*, No. 64,508, this day decided, I respectfully dissent.