**Michael Ray GENTRY**

v.

**The STATE of Texas.**

**No. 05–93–00318/00319–CR.**

Court of Appeals of Texas, Dallas.

June 3, 1994.

Rehearing Denied July 7, 1994.

C. Wayne Huff, Dallas, for appellant.

Anne Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before LAGARDE, BARBER, and WHITTINGTON, JJ.

## OPINION

BARBER, Justice.

Michael Ray Gentry was convicted by a jury of attempted murder, in cause number F92–05040–NU, and aggravated sexual assault, in cause number F92–05041–NU. Appellant also pleaded true to two enhancement paragraphs contained in each indictment. In the attempted murder case, the jury made an affirmative finding that appellant used or exhibited a deadly weapon, to-wit: a knife, during the commission of the offense. The jury assessed punishment at life imprisonment in each case. In five points of error, appellant asserts that the trial court erred in: (1) instructing the jury that appellant was charged with having previously been convicted of two felony offenses over appellant's timely objection; (2) instructing the jury panel that appellant was charged with having previously been convicted of two felony offenses without first conducting a hearing to determine whether the prejudicial effect of such an instruction outweighed any probative value; (3) proceeding to trial in both cases against appellant because the joint trial placed appellant in jeopardy twice for the same offense in violation of the Texas Constitution, the Texas Code of Criminal Procedure, and the United States Constitution; and (4) replacing a disabled juror with another juror over appellant's timely objection. We affirm the trial court's judgments.

## FACTUAL HISTORY

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, we will give only a brief recitation of the facts.

The complainant met appellant in late July or early August, 1992. She exchanged telephone numbers with appellant, who called her several times. On one occasion, the complainant went to appellant's home. She declined to go out with appellant several times after that.

On September 3, 1992, the complainant again went out with appellant. She picked appellant up at his home at about 10:20 p.m. that night. Appellant gave the complainant directions to a location where they could obtain some marijuana. The complainant followed appellant's directions, and they came to a field that had a fence. Appellant told the complainant twice to turn off the car lights. He then hit her in the face with his fist. Appellant forced the complainant to engage in oral and vaginal intercourse.

When appellant finished sexually assaulting the complainant, he told her to back out of the area in which she was parked. She complied with his order, and began driving away. Appellant then told her to stop the car. He told the complainant, "I got to kill you," and pulled a necktie from his pants pocket. The complainant fought with appellant. During the struggle, appellant choked the complainant with the tie and with his hands. The complainant reached for a knife she kept in her car. Appellant and the complainant struggled for the knife. Appellant then stabbed the complainant with the knife, and possibly stabbed her with a pair of scissors. After appellant left the scene of the attack, the complainant walked to a house. The occupants of the house summoned an ambulance and the police. The complainant identified appellant as her attacker.

## DOUBLE JEOPARDY CLAIMS

In separate indictments, the State charged appellant with the offenses of attempted murder, a second-degree felony, and aggravated sexual assault, a first-degree felony.

The two indictments were tried in a single trial. The jury convicted appellant of both offenses and sentenced appellant to life imprisonment in both cases. In his third point of error, appellant contends that the joint trial placed appellant in jeopardy twice for the same offense in violation of the Texas Constitution and article 1.10 of the Texas Code of Criminal Procedure.[1] In his fourth point of error, appellant claims that the joint trial placed appellant in jeopardy twice for the same offense in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

### A. Applicable Law

The Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V. The Double Jeopardy clause of the Fifth Amendment applies to the states through the Fourteenth Amendment to the United States Constitution. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980). Similarly, the Texas Constitution states that "no person, for the same offense, shall be twice put in jeopardy of life or liberty...." TEX. CONST. art. I, § 14. The constitutional prohibition against double jeopardy provides three separate guarantees:

(1) It protects against a second prosecution for the same offense after acquittal.

(2) It protects against a second prosecution for the same offense after conviction.

(3) It protects against multiple punishments for the same offense.

*Vitale*, 447 U.S. at 415, 100 S.Ct. at 2264; *Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992); *Marshall v. State*, 814 S.W.2d 789, 791 (Tex. App.—Dallas 1991, pet. ref'd). Since appellant's case did not involve successive prosecutions, only the third protection is implicated. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Mis-*

---

1. Article 1.10 is the codification of article one, section fourteen of the Texas Constitution.

*souri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).

■ Initially, we note that although appellant separately briefed his state and federal constitutional arguments, he relies on essentially the same authority to support both points of error. This Court found no support for an appellant's contention that the Texas Constitutional provision against multiple punishments was broader than that of the United States Constitution. *Marshall,* 814 S.W.2d at 792. Since appellant, in this case, does not point us to any authority indicating that a higher standard than that found in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), should be utilized in evaluating his Texas Constitutional double jeopardy claim, we will analyze his federal and state constitutional claims under the same standard.

■ Whether or not attempted murder and aggravated sexual assault are the same offense for purposes of double jeopardy is governed by the test set forth in *Blockburger,* which provides:

The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. This test is a rule of statutory construction used in determining whether the legislature intended multiple punishments. *See Hunter,* 459 U.S. at 366, 103 S.Ct. at 678. The *Blockburger* test is satisfied if each offense requires proof of an element that the other does not. *See Cervantes,* 815 S.W.2d at 573.

The Texas Penal Code defines the offenses of attempted murder and aggravated sexual assault as the following:

§ 15.01. Criminal Attempt

(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

TEX.PENAL CODE ANN. § 15.01(a) (Vernon Supp.1994).

§ 19.02. Murder

(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual.

TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1989).

§ 22.021. Aggravated Sexual Assault

(a) A person commits an offense:

(1) if the person:

(A) intentionally or knowingly:

(i) causes the penetration of the anus or female sexual organ of another person by any means, without that person's consent; and

(2) if:

(A) the person:

(i) causes serious bodily injury or attempts to cause the death of the victim or another person in the course of the same criminal episode. . . .

TEX.PENAL CODE ANN. § 22.021 (Vernon 1989).

**B. Application of Law to Facts**

Appellant argues that since the aggravating factor in the aggravated sexual assault case was that appellant attempted to cause the death of the complainant, the attempted murder indictment did not require proof of any element that was not contained in the aggravated sexual assault indictment. Appellant contends, therefore, that these were the same offense, and double jeopardy bars punishment for both offenses.

"[S]imply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." *Hunter,* 459 U.S. at 368, 103 S.Ct. at 679. The court of criminal appeals has held that attempted murder and aggravated rape are not the same offenses under the *Blockburger* test. *Ex parte Silvas,* 632 S.W.2d 598, 598 (Tex.Crim.App.1982) (en banc). In 1983, the Texas Legislature redefined aggravated rape as aggravated sexual assault, and revised the elements of, penalties for, and period of limitation applicable to

the offense.[2] However, the former aggravated rape statute contained, as an aggravating element, the provision that the actor caused serious bodily injury to or attempted to cause death of the victim or another in the course of the same criminal episode.[3]

■ Double jeopardy does not prevent multiple punishment simply because the State has to prove conduct constituting one offense to obtain a conviction for another offense. *See Cervantes*, 815 S.W.2d at 573–74. In *Cervantes*, the appellant was convicted of attempted capital murder and aggravated robbery. To establish the attempted capital murder, the State had to prove the aggravated robbery to prove that the complainant, an off-duty police officer, had become " 'a peace officer acting in the lawful discharge of an official duty.' " *Id.* at 573. The court of criminal appeals held that attempted capital murder and aggravated robbery are not the same offense under *Blockburger*, and that the Double Jeopardy Clause was not implicated merely because the State had to prove the aggravated robbery in both cases. *Id.* at 574; *see also Scott v. State*, 861 S.W.2d 440, 446 (Tex.App.—Austin 1993, no pet.) (attempted capital murder and burglary of a habitation not same offense under *Blockburger*).

■ In this case, the two offenses pass the *Blockburger* test even though the State proved the attempted murder to obtain a conviction for aggravated sexual assault. *See Cervantes*, 815 S.W.2d at 574; *Scott*, 861 S.W.2d at 446. To convict appellant of attempted murder, the State had to prove that appellant intentionally or knowingly intended to cause the death of the complainant. *See* TEX.PENAL CODE ANN. § 15.01(a) (Vernon Supp.1994), § 19.02(a)(1) (Vernon 1989). To obtain a conviction for aggravated sexual assault, the State had to prove that appellant intentionally or knowingly caused the penetration of the complainant's female sexual organ, without her consent. *See* TEX.PENAL CODE ANN. § 22.021(a)(1)(A)(i) (Vernon 1989).

Each offense has a unique element. They are not the same offense under *Blockburger*, and appellant's conviction for both offenses in a single trial did not constitute double jeopardy. *See Cervantes*, 815 S.W.2d at 574; *Scott*, 861 S.W.2d at 446. We overrule appellant's third and fourth points of error.

## INSTRUCTION ON ENHANCEMENT ALLEGATIONS

In his first point of error, appellant asserts that the trial court erred in instructing the jury that appellant was charged with having previously been convicted of two felony offenses over appellant's timely objections. In his second point of error, appellant asserts that the trial court erred in instructing the jury panel that appellant was charged with having previously been convicted of two felony offenses without first conducting a hearing to determine whether the prejudicial effect of such an instruction outweighed any probative value.

### A. Applicable Law

■ The code of criminal procedure provides that when prior convictions are alleged for purposes of enhancement and are not jurisdictional, the enhancement paragraphs shall not be read to the jury until the punishment phase begins. TEX.CODE CRIM.PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1994). The purpose of article 36.01 is to prevent prejudice against a defendant during the guilt/innocence stage from the jurors having heard or read the specific allegations in any enhancement paragraphs. *Frausto v. State*, 642 S.W.2d 506, 508 (Tex.Crim.App. [Panel Op.] 1982). This article prohibits the mentioning of the specific allegations contained in any enhancement paragraphs. *Id.* at 509. However, the trial court may inform the jury panel in hypothetical terms of the range of punishment applicable if the State proves any prior convictions for enhancement purposes. *See id.*

2. *See* Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex.Gen.Laws 5311, 5312.

3. Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 1, 1981 Tex.Gen.Laws 471, 471, *repealed by* Act

of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex.Gen.Laws 5312, 5315 (current codification at TEX.PENAL CODE ANN. § 22.021 (Vernon 1989)).

### B. Application of Law to Facts

██ Prior to voir dire, appellant's trial counsel made the following objection:

[MR. MAGNIS]: I would like to object to any reference made by the Court or the State to any prior convictions of the Defendant during voir dire or to the fact that the State has alleged any prior convictions of the Defendant.

[THE COURT]: Your objection is overruled. The Court will inform the jury that there are allegations of prior convictions and will allow either side to inform the jury and [sic] the consequences of those if they're found to be true. I will give you a running objection throughout the voir dire examination to any mention of the second or third paragraphs in this case.

[MR. MAGNIS]: I would like specifically the running objection to refer to any mention that there are convictions or that there are allegations that there are convictions.

[THE COURT]: I'll not allow anyone to tell the jury that there are convictions, only that there are allegations. And you will have a running objection to any mention whatsoever of the second or third paragraphs.

During voir dire, the trial court made the following comments about which appellant complains:

[THE COURT]: In this case, in the attempted murder, there is a second and third paragraph which allege that Mr. Gentry has been previously convicted of felony offenses. What the allegation means is that he committed a felony, that he went to the penitentiary for that felony—he was convicted and went to the penitentiary. He got out of the penitentiary. He committed another felony offense for which he went to the penitentiary, was convicted, and went to the penitentiary and then he got out of the penitentiary and committed the attempted murder that at

this point we are assuming that you have found him guilty of.

\*     \*     \*     \*     \*     \*

In the aggravated sexual assault there also are allegations, a second and a third paragraph, to that indictment which also allege that Mr. Gentry has been previously convicted of felony offenses. That allegation—those allegations mean the same thing as the other ones.

Contrary to appellant's assertion, the trial court never informed the jury panel of the specific allegations concerning appellant's previous convictions. However, this Court recently held that a virtually identical instruction was improper and prejudiced the defendant's right to a fair trial. *Clark v. State*, 878 S.W.2d 224, 227 (Tex.App.—Dallas, 1994, no pet. h.). We are bound by *Clark* concerning the instruction given by the trial court.

██ We conclude, however, that events occurring after the trial court gave the instruction rendered the error harmless. *See Love v. State*, 833 S.W.2d 264, 266 (Tex. App.—Austin 1992, pet. ref'd). Error is harmless if the appellate court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX.R.APP.P. 81(b)(2).

In *Clark*, the only information the jury had during the guilt/innocence stage concerning the defendant's prior convictions came from the trial court. In appellant's case, appellant testified during the guilt/innocence stage of his trial. Appellant admitted that he had several prior convictions, including convictions for burglary of a habitation and burglary of a vehicle, both felony offenses.[4] *See* TEX.PENAL CODE ANN. §§ 30.02, 30.04 (Vernon 1989). Relying on *Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App.1986), the Austin Court of Appeals, in *Love*, concluded that the prosecutor's reading of the enhancement paragraph to the jury was rendered harmless by the subsequent introduction into evidence, without objection, of the identical prejudicial fact.[5] *Love*, 833 S.W.2d at 266.

---

4. These were the two felony offenses alleged in the enhancement paragraphs.

5. During the guilt/innocence stage, Love's judgment of probation for his first DWI conviction

was admitted without objection. The judgment contained the identical prejudicial fact Love sought to exclude by objecting to the reading of the information. *Love*, 833 S.W.2d at 266.

In appellant's case, appellant testified during the guilt/innocence stage to the very information he sought to exclude during voir dire.

Additionally, in appellant's case, the jury was instructed that it was not to consider evidence of appellant's previous convictions as evidence of guilt regarding the aggravated sexual assault and attempted murder. This instruction protected appellant's interest. *See Smith v. State,* 751 S.W.2d 902, 906, (Tex.App.—Houston [14th Dist.] 1988, no pet.).

We conclude beyond a reasonable doubt that the trial court's error did not contribute to appellant's conviction or punishment. We overrule appellant's first point of error.

Appellant also complains that the trial court granted his pretrial motion in limine to preclude any mention of previous convictions, and then instructed the jury about the previous convictions. As detailed previously, the trial court denied appellant's motion to prevent mention of any allegations of previous convictions before voir dire. The trial court granted appellant's motion in limine regarding previous convictions *after* the jury was selected. Therefore, the trial court's granting of the motion in limine was clearly intended to apply to the trial on the merits, not to voir dire. Further, the trial court's statements during voir dire were not testimony. Additionally, appellant introduced testimony concerning his prior convictions, rendering any error harmless. *See Anderson,* 717 S.W.2d at 628. We overrule appellant's second point of error.

### SUBSTITUTION OF JUROR

The record reflects that appellant's jury was selected on February 8, 1992. After selection, the trial court admonished the jury regarding its duties but did not swear in the jury. The trial court then excused the jury until the following morning. On February 9, 1992, the trial court informed the parties that one of the jurors had become ill and would

not be able to serve. The judge called the next eligible juror on the list who was not struck by either side to replace the disabled juror. Appellant's trial counsel objected to the trial court's procedure.[6] The trial court overruled the objection.

In his fifth point of error, appellant claims that the trial court erred in replacing the disabled juror with the replacement juror over appellant's timely objection. Appellant argues that the trial court's action was not authorized by the Texas Code of Criminal Procedure and further, did not allow either side a voice in accepting or rejecting the replacement juror.

### A. Was There Error

■ The code of criminal procedure provides that juries in felony cases shall consist of twelve qualified jurors. *See* Tex.Code Crim.Proc.Ann. art. 33.01 (Vernon, 1989), art. 36.29(a) (Vernon Supp.1994). The code further provides a method by which a trial may progress in the event a juror becomes disabled.

> Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

Tex.Code Crim.Proc.Ann. art. 36.29(a) (Vernon Supp.1994). The court of criminal appeals has held that a trial is pending for purposes of article 36.29 when the parties announce ready and the jury is selected and sworn. *Johnson v. State,* 525 S.W.2d 170, 172 (Tex.Crim.App.1975).

---

6. Appellant's trial counsel made the following objection:

The defense objects to the procedure whereby Carla Bates has been called to serve as a juror. The record will reflect that yesterday afternoon she was released from all responsibility involved

in this case and that therefore there has been a period of time when she was not subject to the rules concerning her duty as a venireperson or a juryperson and not under oath concerning those rules.

In a case very similar to appellant's, the Austin Court of Appeals held that article 36.29 did not apply when the jury had not been sworn before a juror became disabled. *Williams v. State,* 631 S.W.2d 955, 957 (Tex. App.—Austin 1982, no pet.). Relying on *Johnson,* the Austin court concluded that since the jury had not been sworn, there was no trial pending at the time the juror became disabled. *Id.*

In *Williams,* as in appellant's case, the jury was selected and admonished, then excused until the following morning. The trial court did not administer the oath before excusing the jury. One of the jurors became ill and was unable to serve. The trial court produced five additional people from the central panel who had not been selected the previous day from a panel assigned to another court. Each party was allowed to voir dire the new jurors. Further, each side was given two additional peremptory challenges. The trial court overruled the appellant's motion for mistrial.

The Austin court determined that article 33.09 of the code of criminal procedure [7] impliedly gave the trial court the authority to complete the jury panel. *Id.* at 957. The court also looked to article 34.02 of the code of criminal procedure [8] and rules 231 and 235 of the Texas Rules of Civil Procedure. The Austin court found no error in the procedure used by the trial court to replace the disabled juror. *Id.* at 957. The court of criminal appeals also implicitly approved of the procedure described in *Williams. See Decker v. State,* 717 S.W.2d 903, 905 (Tex.Crim.App. 1983).[9]

However, such a procedure was not used in appellant's case. The trial court simply chose the next juror on the panel list. We conclude that the trial court erred in replacing the disabled juror in this manner.

## B. Was There Harm

The court of criminal appeals has required appellants to show harm resulting from various types of errors committed during jury selection. An appellant must show harm to obtain reversal based on the trial court's failure to comply with statutory requirements for selection of a jury panel. *Cooks v. State,* 844 S.W.2d 697, 727 (Tex. Crim.App.1992), *cert. denied,* — U.S. —, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). An appellant must show harm where the court clerk improperly excuses prospective jurors. *Neal v. State,* 689 S.W.2d 420, 424 (Tex.Crim. App.1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985). Additionally, an appellant must show harm where the trial court sua sponte excuses a disqualified juror. *Green v. State,* 764 S.W.2d 242, 247 (Tex. Crim.App.1989). Further, an appellant must show harm when the trial court closes the jury wheel prematurely. *May v. State,* 738 S.W.2d 261, 268 (Tex.Crim.App.), *cert. denied,* 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 158 (1987). An appellant must also show harm when the trial court erroneously denies him a challenge for cause. *Hathorn v. State,* 848 S.W.2d 101, 110 (Tex.Crim.App.1992), *cert. denied,* — U.S. —, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993).

The court of criminal appeals has held that trial court error in allowing a second jury shuffle is not subject to a harm analysis. *Chappell v. State,* 850 S.W.2d 508, 512 (Tex. Crim.App.1993). The court has also held that harm is shown by a trial court's denial of an answer to a proper question during voir dire because such prevents the intelligent use of peremptory strikes by the defendant.

---

7. "Jury panels ... for the trial of criminal cases shall be selected and summoned ... in the same manner as the selection of panels for the trial of civil cases except as otherwise provided by this Code." TEX.CODE CRIM.PROC.ANN. art. 33.09 (Vernon 1989).

8. Article 34.02 provides:
   In any criminal case in which the court deems that the veniremen theretofore drawn will be insufficient for the trial of the case, or in any criminal case in which the venire has been exhausted by challenge or otherwise, the court shall order additional veniremen in such numbers as the court may deem advisable....
   TEX.CODE CRIM.PROC.ANN. art. 34.02 (Vernon 1989).

9. On rehearing, the court of criminal appeals held that the trial court did not err in not allowing the appellant to peremptorily strike the juror in question. *Decker v. State,* 717 S.W.2d 903, 907–08 (Tex.Crim.App.1986) (op. on reh'g).

*Smith v. State,* 513 S.W.2d 823, 826 (Tex. Crim.App.1974).

Appellant does not argue that he was harmed; therefore, we construe his argument to mean that once error is shown, reversal is automatic. However, the error which occurred in appellant's case is most similar to the types of error subject to a harm analysis. We conclude, therefore, that to obtain reversal, appellant must show that he was harmed by the trial court's error in replacing the disabled juror.

Appellant has not shown any harm. Appellant objected to the procedure on the ground that the replacement juror was not subject to the rules regarding her duties as a juror for a period of time. Appellant did not ask the trial court for an opportunity to voir dire the replacement juror. He did not ask that a pool of potential replacement jurors be provided, nor did he ask for additional peremptory challenges. Appellant's motions for new trial were general.[10] They did not address the procedure the trial court used in replacing the disabled juror. Nothing in the record shows us that appellant was harmed by the procedure the trial court used to replace the disabled juror. *See* TEX.R.APP.P. 81(b)(2). We overrule appellant's fifth point of error.

We affirm the trial court's judgments.

---

10. Appellant's motions for new trial state: Now comes the Defendant in the above cause and by his Attorney, and moves the Court to grant him a New Trial herein for the good and sufficient reason that the verdict is contrary to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.
    Respectfully submitted,
    /s/
    Attorney for Defendant