**Enrique JUAREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–93–630–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 8, 1994.

Norman E. McInnis, McAllen, for appellant.

Rene Guerra, Dist. & County Atty., Theodore C. Hake, Asst. Crim. Dist. Atty., William McPherson, Asst. Dist. Atty., Edinburg, for appellee.

Before DORSEY, DALLY[1] and SMITH[2], JJ.

## OPINION

CARL E.F. DALLY, Justice (Assigned).

Appellant's not guilty plea was rejected by a jury and he was convicted of two counts of aggravated sexual assault. Tex. Penal Code Ann. § 22.021 (Vernon 1989). In his sole point of error, appellant asserts that "the trial court reversibly erred when it completed the jury by taking the next available individual on the jury list, after the jury had

been selected and one of the jurors became ill." We will affirm the judgment.

Appellant agrees that the venireperson who was replaced was too sick to serve on the jury. What he urges is that the trial court erred in the method used to replace the venireperson who became ill. On Monday, June 7, 1993, counsel for appellant and the State voir dired a venire panel, and after four challenges for cause were granted, thirty-six members of the panel remained. The State used eight of its ten peremptory strikes, and the appellant used all ten of his peremptory strikes.

The first twelve unchallenged panel members were seated but were *not* sworn as a jury. The twelve venirepersons were told to go home but to return to court on Thursday, June 10, to be sworn as a jury to hear the case for which they were selected. The trial court released the remainder of the panel to go home, but the court instructed them to remain on "standby" in case they were needed and might be called back to serve. Before Thursday morning one of the twelve venirepersons selected for the jury became too ill to serve.

The trial judge, after finding that the venireperson was too ill to serve, ordered the next two members of the venire panel who had not been struck by either party to report for service. The judge then selected the first remaining venireperson who had not been struck to replace the one who was ill. The replacement and the other eleven venirepersons were sworn as the trial jury.

Appellant's objection to seating the replacement venireperson on the jury was:

> Your Honor, on behalf of the Defendant, we would object to the procedure that you're using. We believe that the proper thing to do would be to declare a mistrial and select another jury, and we think what the court has done is selected an alternate juror after the jury has been selected. Probably the proper thing to do would have been to select an alternate juror at

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

the time that the jury was actually selected.

The record does not reflect that there was a request prior to selection of the jury that an alternate juror be selected.

Two reported cases which present almost identical situations have been called to our attention by the briefs. We have found no other cases presenting similar circumstances. In *Williams v. State*, 631 S.W.2d 955 (Tex. App.—Austin 1982, no pet.), when one of twelve venirepersons selected became ill before they were sworn as a jury, the trial court called five additional venirepersons from the central panel who had not been selected the previous day from a panel assigned to another court. The judge offered these five individuals for voir dire examination by the parties and the judge granted each side two peremptory strikes. The replacement was selected from these five individuals and sworn with the other eleven venirepersons as the jury to hear and decide the case. The defendant in that case objected to the procedure used to obtain the replacement, and requested that the trial court either try the case with an eleven member jury (which would have been improper) or seat the first remaining member of the original panel who had not been struck by either party. On appeal, after an excellent discussion, the court of appeals approved the method by which the trial judge replaced the ill venireperson. The Austin Court of Appeals found there was no statutory provision specifically dealing with the narrow circumstances presented. Since the jury had *not* been sworn before the venireperson became ill, Tex.Code.Crim.Proc.Ann. art. 36.29 did not apply. The appellate court held that the trial court had implied authority to complete the jury in the manner in which it was completed. The implied authority came from Tex.Code Crim.Proc.Ann. art. 33.09 and 33.02 and Tex.R.Civ.Proc. Rules 231 and 235.

Recently in *Gentry v. State*, 881 S.W.2d 35, 42–44 (Tex.App.—Dallas 1994, pet. ref'd), a Dallas Court of Appeals panel held that it was error, but harmless error, for the trial judge to replace an ill venireperson who had been selected and seated but not sworn by calling the next eligible member of the panel who was not struck by either side. The defendant's objection in *Gentry* was that the replacement venireperson had been released from all responsibility involved in the case and therefore there was a period of time when she was not subject to the rules concerning her duty as a venireperson or a juror and was not under oath concerning those rules. The *Gentry* opinion does not say whether defense counsel asked that all of the venirepersons be excused or suggested a method for replacing the ill venireperson. Although the defendant's objection in *Gentry* was quite different from the objection in this case we do not believe the objection distinguishes the cases.

 Like the *Williams'* court, we believe there is no statutory authority which provides the procedure to be used when a venireperson selected becomes ill before being sworn as a juror and has to be replaced. Although the Court of Criminal Appeals has tacitly approved the method used in *Williams, see Decker v. State*, 717 S.W.2d 903 (Tex.Crim.App.1986), we are of the opinion that the method used in *Gentry* and in this case is equally proper to that used in *Williams*, and we so hold.

 The replacement venireperson in this case was subject to voir dire examination by both the State's counsel and appellant's counsel. Both the State and appellant struck members of the panel whose names appeared on the list after that of the replacement venireperson. This gives evidence that both parties considered and did not strike the replacement juror. The State was entitled to two more strikes than it used. If the State had struck another member of the panel higher on the list than the replacement venireperson, the replacement venireperson would have been among the first twelve selected. It appears that the method used to replace the ill venireperson in this case was equally as fair and was more expeditious than the method used in *Williams*. In the absence of statutory guidance we believe either the procedure used here or that used in *Williams* is proper. We hold that the trial judge did not err in replacing the ill venire-

person by the method used. Appellant's point of error is overruled.

The judgment is affirmed.