Steven Daniel WINFREY, Appellant,

v.

STATE of Texas, Appellee.

No. 11–01–00166–CR.

Court of Appeals of Texas,
Eastland.

April 17, 2003.

Lawrence B. Mitchell, Dallas, Kenneth Wincorn, Richardson, for appellant.

Bill Hill, Criminal Dist. Attorney–Appellate Section, Lisa Braxton Smith, Asst. Dist. Atty., Dallas, for appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and McCLOUD, S.J.[1]

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

## Opinion

AUSTIN McCLOUD, Senior Justice.

The jury found appellant guilty of possessing less than one gram of cocaine, and the trial court set his punishment at confinement in a state jail facility for 2 years and a fine of $1,000. The court suspended the imposition of the confinement and placed appellant under community supervision for 5 years. Appellant appeals. We affirm.

 In a single issue on appeal, appellant contends that the court committed "fundamental error" by impaneling as a member of the jury a person who had been dismissed from the jury panel. After the jury was selected, but not sworn, and the panel had been dismissed, it was discovered that one of the members of the jury was disqualified. After discussing the problem with the parties, the trial court elected to dismiss the disqualified juror and replace that juror with the next venireperson from the original venire panel who had not been struck or challenged by either party. Appellant did not object to this procedure and affirmatively approved of the method used by the court to get the twelfth juror. By not objecting, appellant waived the complaint urged on appeal. TEX.R.APP.P. 33.1.

 Appellant cites *Williams v. State*, 631 S.W.2d 955 (Tex.App.-Austin 1982, no pet'n), and argues that the trial court was required to follow the procedure approved in that case. In *Williams*, when confronted with the problem in the instant case, the trial court ordered five additional individuals from the central panel, and these individuals were then voir dired by the parties. The Austin Court stated:

It is true that no statutory provision deals specifically with the narrow circumstance presented by this case (that is, twelve individuals are selected for the jury but before being sworn to serve, one becomes disqualified), in the specific way article 36.29 of the Code allows a sworn jury to render a verdict after being reduced to eleven members. Nevertheless, we do not doubt the authority of the trial judge to complete a jury, before twelve jurors are sworn, by requiring additional individuals to be furnished from the central panel in a number sufficient to complete a fair and impartial jury. He was not required to discharge the first panel and delay the trial by starting anew the selection of a jury from an altogether different panel.

This is an acceptable option to correct the problem. See *Broussard v. State*, 910 S.W.2d 952 (Tex.Cr.App.1995).

The court in *Juarez v. State*, 890 S.W.2d 184, 186 (Tex.App.-Corpus Christi 1994, no pet'n), affirmed the procedure used by the court in our case. The court stated:

Like the *Williams'* court, we believe there is no statutory authority which provides the procedure to be used when a venireperson selected becomes ill before being sworn as a juror and has to be replaced. Although the Court of Criminal Appeals has tacitly approved the method used in *Williams*, see *Decker v. State*, 717 S.W.2d 903 (Tex.Crim. App.1986), we are of the opinion that the method used in *Gentry [v. State*, 881 S.W.2d 35 (Tex.App.-Dallas 1994, pet'n ref'd)] and in this case is equally proper to that used in *Williams*, and we so hold.

 We agree with the reasoning in *Juarez*, and we hold that the trial court did not err in replacing the disqualified juror. We also hold that, if the trial court erred, the error was harmless. TEX.R.APP.P. 44.2(b). Appellant has not shown that the irregularity, if it was, affected his substantial rights.

The judgment of the trial court is affirmed.