11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Steven Daniel Winfrey

Appellant

Vs.                   No.
11-01-00166-CR B Appeal from Dallas County

State of Texas

Appellee

 

The jury
found appellant guilty of possessing less than one gram of cocaine, and the
trial court set his punishment at confinement in a state jail facility for 2
years and a fine of $1,000.  The court
suspended the imposition of the confinement and placed appellant under
community supervision for 5 years. 
Appellant appeals.  We affirm.

In a
single issue on appeal, appellant contends that the court committed Afundamental error@ by impaneling as a member of the jury a
person who had been dismissed from the jury panel.  After the jury was selected, but not sworn, and the panel had
been dismissed, it was discovered that one of the members of the jury was
disqualified.  After discussing the
problem with the parties, the trial court elected to dismiss the disqualified
juror and replace that juror with the next venireperson from the original
venire panel who had not been struck or challenged by either party.  Appellant did not object to this procedure
and affirmatively approved of the method used by the court to get the twelfth
juror.  By not objecting, appellant
waived the complaint urged on appeal. 
TEX.R.APP.P. 33.1.

Appellant
cites Williams v. State, 631 S.W.2d 955 (Tex.App. - Austin 1982, no pet=n), and argues that the trial court was
required to follow the procedure approved in that case.  In Williams, when confronted with the
problem in the instant case, the trial court ordered five additional
individuals from the central panel, and these individuals were then voir dired
by the parties.  The Austin Court stated:








It is true
that no statutory provision deals specifically with the narrow circumstance
presented by this case (that is, twelve individuals are selected for the jury
but before being sworn to serve, one becomes disqualified), in the specific way
article 36.29 of the Code allows a sworn jury to render a verdict after being
reduced to eleven members. 
Nevertheless, we do not doubt the authority of the trial judge to
complete a jury, before twelve jurors are sworn, by requiring additional
individuals to be furnished from the central panel in a number sufficient to
complete a fair and impartial jury.  He
was not required to discharge the first panel and delay the trial by starting
anew the selection of a jury from an altogether different panel.

 

This is an acceptable
option to correct the problem.  See
Broussard v. State, 910 S.W.2d 952 (Tex.Cr.App.1995).

The court
in Juarez v. State, 890 S.W.2d 184, 186 (Tex.App. - Corpus Christi 1994, no pet=n), affirmed the procedure used by the court
in our case.  The court stated:

Like the Williams= court, we believe there is no statutory
authority which provides the procedure to be used when a venireperson selected
becomes ill before being sworn as a juror and has to be replaced.  Although the Court of Criminal Appeals has
tacitly approved the method used in Williams, see Decker v. State, 717
S.W.2d 903 (Tex.Crim.App.1986), we are of the opinion that the method used in Gentry
[v. State, 881 S.W.2d 35 (Tex.App. - Dallas 1994, pet=n ref=d)] and in this case is equally proper to that used in Williams,
and we so hold.

 

We agree
with the reasoning in Juarez, and we hold that the trial court did not
err in replacing the disqualified juror. 
We also hold that, if the trial court erred, the error was
harmless.  TEX.R.APP.P. 44.2(b).  Appellant has not shown that the
irregularity, if it was, affected his substantial rights.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

April 17, 2003

Publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.