Jeremy Lee **BERMEA**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 12–05–00144–CR, 12–05–00145–CR.

Court of Appeals of Texas,
Tyler.

Feb. 28, 2006.

Jay Mills, Mills & Mills, Chandler, for appellant.

Donna R. Bennett, District Attorney, Athens, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

SAM GRIFFITH, Justice.

Jeremy Lee Bermea appeals his convictions for sexual assault. In his sole issue, Appellant contends that the trial court erred in declaring a juror disabled, removing that juror, and substituting an alternate juror in his place. We affirm.

### BACKGROUND

Appellant was charged by indictment with two counts of sexual assault of a child.[1] On January 31, 2005, a trial on both counts began. After voir dire, the trial court released some of the people remaining in the courtroom, but instructed them to return at 1:15 p.m. Others, whose names were called, were to remain in the courtroom to talk to the judge. At 1:15 p.m., the trial court instructed the deputy district clerk to call the names of the twelve veniremen and two alternates to be seated as the jury. However, one venireman called by the clerk, Kevin Lee Taylor, was not present. Without objection, the trial court dismissed the members of the venire panel who were not chosen for the jury. The bailiff called Taylor's name in the front of the courthouse, but Taylor did not answer. The trial court instructed the bailiff to make sure Taylor did not leave with those who had been dismissed and to stay in the parking lot and watch for him. Additionally, the trial court asked the dismissed venire members to tell Taylor to come to the courthouse if they saw him.

After a discussion with the State's and Appellant's counsel, the trial court instructed the remaining veniremen and two alternates to retire to the jury room. The trial court asked that a deputy be sent to Taylor's home and recessed court for fifteen minutes. After the recess, the trial court stated that Texas Code of Criminal Procedure article 36.29 was not applicable until a jury was sworn. The trial court noted that this jury had not been sworn. Further, the trial court stated that, in a case under article 36.29, the court used an alternate juror to replace the disabled venireman. Appellant's counsel objected, stating that the trial court should discover what happened to venireman Taylor, noting that he may not be disabled, just confused. Although the trial court observed that it had to make a decision within a reasonable period of time, it recessed court for an additional fifty-six minutes. At that time, the trial court informed the State and Appellant that a sheriff's deputy went to venireman Taylor's home and knocked on the door, but no one answered. Further, venireman Taylor's telephone had a busy signal. The trial court decided to remove venireman Taylor from the jury. According to the record, the trial court stated:

---

1. *See* TEX. PEN.CODE ANN. § 22.011(a)(2)(A)     (Vernon 2005).

"So, therefore, the Court is going to go ahead, then, and remove Mr. Taylor. And I don't know whether technically that qualifies him as being a disabled juror or not, but I'll make the finding that he's not present. We called his name at the courthouse door. He has not shown up and it is now 2:35. And I directed that he return at 1:15. No one answers at his home and—no one answers the telephone at his home. And no one has answered the front door of his home. And if being disabled applies, then I'll make a finding he's disabled."

"The Court is of the opinion that he's disqualified, and I'll go ahead and substitute ... [the first alternate]."

Appellant objected, arguing that the trial court erred in disqualifying venireman Taylor because he met all the statutory qualifications in being selected for the jury. The State contended that venireman Taylor was disabled because he was not present. The trial court overruled Appellant's objection, replaced venireman Taylor with the first alternate, and swore in the jury. At the conclusion of the trial, the jury found Appellant guilty of two counts of sexual assault as charged in the indictment, assessed punishment at ten years of imprisonment for each count, to be served concurrently, and recommended that he be placed on community supervision for ten years for each count. The trial court ordered that Appellant be punished as recommended by the jury. This appeal followed.

### REPLACING VENIREMAN

■ In his sole issue, Appellant argues that the trial court erred by declaring a juror "disabled," removing that juror from the chosen jury, and substituting another in his place. The State disagrees.

### Applicable Law

■ Article 36.29 of the Texas Code of Criminal Procedure states that not less than twelve jurors can render and return a verdict in a felony case. TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp. 2005). If, however, after the trial of any felony case begins, a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict. *Id.* The court of criminal appeals has recognized that a juror's disability is not limited to physical disease, but includes physical illness, mental conditions, emotional state, or "any condition that inhibits a juror from fully and fairly performing the functions of a juror." *Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim.App.2000) (interpreting the language concerning "disability" as it relates to the various provisions of article 36.29 of the Texas Code of Criminal Procedure). The determination as to whether a juror is disabled is within the discretion of the trial court. *Rivera v. State*, 12 S.W.3d 572, 578 (Tex.App.-San Antonio 2000, no pet.). Absent an abuse of discretion, no reversible error will be found. *Id.*

■ By statute, a juror may be disqualified to serve on a jury for a number of reasons, and either party may make a challenge for cause. TEX.CODE CRIM. PROC. ANN. art. 35.16(a) (Vernon 1989); *Perez v. State*, 41 S.W.3d 712, 715 (Tex.App.-Corpus Christi 2001, no pet.). However, a juror is absolutely disqualified only when it appears that he has been convicted of or is under indictment or other legal accusation for theft or any felony or is insane. TEX. CODE CRIM. PROC. ANN. art. 35.19 (Vernon 1989).

■ If the jury has been selected, but not sworn, article 36.29 does not apply. *Broussard v. State*, 910 S.W.2d 952, 957

(Tex.Crim.App.1995) (citing *Williams v. State,* 631 S.W.2d 955, 957 (Tex.App.-Austin 1982, no pet.)). In *Williams,* the court observed that, if the twelve individuals have not been sworn to the juror's oath, they do not comprise a "jury" contemplated by the article, nor is there a "trial" pending at the time one of them becomes disabled or disqualified. *See Williams,* 631 S.W.2d at 957. Moreover, the court in *Williams* noted that there is no statutory provision dealing specifically with the narrow circumstance of an individual selected for a jury who becomes disabled or disqualified before being sworn. *See id.* The court cited with approval the actions of the lower court in completing the jury by requiring additional individuals to be furnished from the central panel in a number sufficient to complete a fair and impartial jury. *Id.* Likewise, in *Winfrey v. State,* after the jury had been selected but not sworn, the court elected to replace a disqualified juror with the next venireman from the original venire panel who had not been struck or challenged by either party. *Winfrey v. State,* 104 S.W.3d 282, 283 (Tex. App.-Eastland 2003, pet. ref'd); *see also Juarez v. State,* 890 S.W.2d 184, 185–86 (Tex.App.-Corpus Christi 1994, no pet.).

### Analysis

In this case, the trial court found venireman Taylor "disabled" only if the term "disabled" applies. Had the jury been sworn, venireman Taylor might properly be considered disabled because his absence created a condition that inhibited him from fully and fairly performing the functions of a juror. *See Reyes,* 30 S.W.3d at 411. However, the venire selected for the jury had not been sworn when venireman Taylor failed to return to court. Thus, article 36.29 and its language regarding a "disabled" juror does not apply. *See Broussard,* 910 S.W.2d at 957; *Williams,* 631 S.W.2d at 957. Apparently, venireman

Taylor was not statutorily disqualified as neither the State nor Appellant contends that he was challenged for cause or absolutely disqualified. *See* Tex.Code Crim. Proc. Ann. art. 35.16(a), 35.19; *Perez,* 41 S.W.3d at 715.

We note that the statute does not address the problem of a venireman failing to return to court before the jury is sworn. *See* Tex.Code Crim. Proc. Ann. art. 36.29. Because of this omission, we cannot classify venireman Taylor either as "disabled" or "disqualified" as those terms are used in articles 35.16 and 36.29. We recognize, however, that the trial court needed to complete the jury within a reasonable time. Unlike some of the cases cited above, a qualified and accepted alternate was available to replace venireman Taylor. *See Winfrey,* 104 S.W.3d at 283; *Juarez,* 890 S.W.2d at 185–86; *Williams,* 631 S.W.2d at 957. Faced with this situation, we conclude that the trial court chose an acceptable option to complete the jury. *See Broussard,* 910 S.W.2d at 958. Further, even if the trial court erred, Appellant has not shown that the error affected his substantial rights. Thus, any error was harmless. *See* Tex.R.App. P. 44.2(b) (any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded).

Because venireman Taylor was unavailable to serve as a juror and an alternate juror had been selected, the trial court did not err in replacing venireman Taylor with the alternate juror in order to complete the jury. According, we overrule Appellant's sole issue.

### DISPOSITION

The judgments of the trial court are ***affirmed.***