NOS.
12-05-00144-CR

         
12-05-00145-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JEREMY LEE BERMEA,    §                      APPEAL FROM THE 173RD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                        
                                                                                   

OPINION

            Jeremy Lee
Bermea appeals his convictions for sexual assault.  In his sole issue, Appellant contends that
the trial court erred in declaring a juror disabled, removing that juror, and
substituting an alternate juror in his place. 
We affirm.

 

Background

            Appellant
was charged by indictment with two counts of sexual assault of a child.[1]  On January 31, 2005, a trial on both counts
began.  After voir dire, the trial court
released some of the people remaining in the courtroom, but instructed them to
return at 1:15 p.m.  Others, whose names
were called, were to remain in the courtroom to talk to the judge.  At 1:15 p.m., the trial court instructed the
deputy district clerk to call the names of the twelve veniremen and two
alternates to be seated as the jury. 
However, one venireman called by the clerk, Kevin Lee Taylor, was not
present.  Without objection, the trial
court dismissed the members of the venire panel who were not chosen for the
jury.  The bailiff called Taylor’s name
in the front of the courthouse, but Taylor did not answer.  The trial court instructed the bailiff to
make sure Taylor did not leave with those who had been dismissed and to stay in
the parking lot and watch for him. 
Additionally, the trial court asked the dismissed venire members to tell
Taylor to come to the courthouse if they saw him.

            After
a discussion with the State’s and Appellant’s counsel, the trial court
instructed the remaining veniremen and two alternates to retire to the jury
room.  The trial court asked that a
deputy be sent to Taylor’s home and recessed court for fifteen minutes.  After the recess, the trial court stated that
Texas Code of Criminal Procedure article 36.29 was not applicable until a jury
was sworn.  The trial court noted that
this jury had not been sworn.  Further,
the trial court stated that, in a case under article 36.29, the court used an
alternate juror to replace the disabled venireman.  Appellant’s counsel objected, stating that
the trial court should discover what happened to venireman Taylor, noting that
he may not be disabled, just confused. 
Although the trial court observed that it had to make a decision within
a reasonable period of time, it recessed court for an additional fifty-six
minutes.  At that time, the trial court
informed the State and Appellant that a sheriff’s deputy went to venireman
Taylor’s home and knocked on the door, but no one answered. Further, venireman
Taylor’s telephone had a busy signal. 
The trial court decided to remove venireman Taylor from the jury.  According to the record, the trial court
stated:

 

“So, therefore, the
Court is going to go ahead, then, and remove Mr. Taylor.  And I don’t know whether technically that
qualifies him as being a disabled juror or not, but I’ll make the finding that
he’s not present.  We called his name at
the courthouse door.  He has not shown up
and it is now 2:35.  And I directed that
he return at 1:15.  No one answers at his
home and – no one answers the telephone at his home.  And no one has answered the front door of his
home.  And if being disabled applies,
then I’ll make a finding he’s disabled.”

 

“The Court is of the
opinion that he’s disqualified, and I’ll go ahead and substitute . . . [the
first alternate].”

 

 








            Appellant
objected, arguing that the trial court erred in disqualifying venireman Taylor
because he met all the statutory qualifications in being selected for the
jury.  The State contended that venireman
Taylor was disabled because he was not present. 
The trial court overruled Appellant’s objection, replaced venireman
Taylor with the first alternate, and swore in the jury.  At the conclusion of the trial, the jury
found Appellant guilty of two counts of sexual assault as charged in the
indictment, assessed punishment at ten years of imprisonment for each count, to
be served concurrently, and recommended that he be placed on community
supervision for ten years for each count. 
The trial court ordered that Appellant be punished as recommended by the
jury.  This appeal followed.

 

Replacing
Venireman

            In
his sole issue, Appellant argues that the trial court erred by declaring a
juror “disabled,” removing that juror from the chosen jury, and substituting
another in his place.  The State
disagrees.

Applicable Law

            Article
36.29 of the Texas Code of Criminal Procedure states that not less than twelve
jurors can render and return a verdict in a felony case.  Tex.
Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2005).  If, however, after the trial of any felony
case begins, a juror dies or, as determined by the judge, becomes disabled from
sitting at any time before the charge of the court is read to the jury, the
remainder of the jury shall have the power to render the verdict.  Id.  The court of criminal appeals has recognized
that a juror’s disability is not limited to physical disease, but includes
physical illness, mental conditions, emotional state, or “any condition that
inhibits a juror from fully and fairly performing the functions of a juror.”  Reyes v. State, 30 S.W.3d 409,
411 (Tex. Crim. App. 2000) (interpreting the language concerning “disability”
as it relates to the various provisions of article 36.29 of the Texas Code of
Criminal Procedure).  The determination
as to whether a juror is disabled is within the discretion of the trial court.  Rivera v. State, 12 S.W.3d 572,
578 (Tex. App.–San Antonio 2000, no pet.).  
Absent an abuse of discretion, no reversible error will be found. Id.


            By
statute, a juror may be disqualified to serve on a jury for a number of
reasons, and either party may make a challenge for cause.  Tex.
Code Crim. Proc. Ann. art. 35.16(a) (Vernon 1989); Perez v. State,
41 S.W.3d 712, 715 (Tex. App.–Corpus Christi 2001, no pet.).  However, a juror is absolutely disqualified
only when it appears that he has been convicted of or is under indictment or
other legal accusation for theft or any felony or is insane.  Tex.
Code Crim. Proc. Ann. art. 35.19 (Vernon 1989). 

            If
the jury has been selected, but not sworn, article 36.29 does not apply.  Broussard v. State, 910 S.W.2d 952,
957 (Tex. Crim. App. 1995) (citing Williams v. State, 631 S.W.2d
955, 957 (Tex. App.–Austin 1982, no pet.)). 
In Williams, the court observed that, if the twelve
individuals have not been sworn to the juror’s oath, they do not comprise a “jury”
contemplated by the article, nor is there a “trial” pending at the time one of
them becomes disabled or disqualified.  See
Williams, 631 S.W.2d at 957. Moreover, the court in Williams
noted that there is no statutory provision dealing specifically with the narrow
circumstance of an individual selected for a jury who becomes disabled or
disqualified before being sworn.  See id.  The court cited with approval the actions of
the lower court in completing the jury by requiring additional individuals to
be furnished from the central panel in a number sufficient to complete a fair
and impartial jury.  Id.  Likewise, in Winfrey v. State,
after the jury had been selected but not sworn, the court elected to replace a
disqualified juror with the next venireman from the original venire panel who
had not been struck or challenged by either party.  Winfrey v. State, 104 S.W.3d
282, 283 (Tex. App.–Eastland 2003, pet. ref’d); see also Juarez v. State,
890 S.W.2d 184, 185-86 (Tex. App.–Corpus Christi 1994, no pet.). 

Analysis

            In
this case, the trial court found venireman Taylor “disabled” only if the term “disabled”
applies.  Had the jury been sworn,
venireman Taylor might properly be considered disabled because his absence
created a condition that inhibited him from fully and fairly performing the
functions of a juror.  See Reyes,
30 S.W.3d 411.  However, the venire
selected for the jury had not been sworn when venireman Taylor failed to return
to court.  Thus, article 36.29 and its
language regarding a “disabled” juror does not apply.  See Broussard, 910 S.W.2d at
957; Williams, 631 S.W.2d at 957. 
Apparently, venireman Taylor was not statutorily disqualified as neither
the State nor Appellant contends that he was 
challenged for cause or absolutely disqualified.  See Tex.
Code Crim. Proc. Ann. art. 35.16(a), 35.19; Perez, 41
S.W.3d at 715. 

            We
note that the statute does not address the problem of a venireman failing to
return to court before the jury is sworn. 
See Tex. Code Crim. Proc.
Ann. art. 36.29.  Because of this
omission, we cannot classify venireman Taylor either as “disabled” or “disqualified”
as those terms are used in articles 35.16 and 36.29.  We recognize, however, that the trial court
needed to complete the jury within a reasonable time.  Unlike some of the cases cited above, a
qualified and accepted alternate was available to replace venireman
Taylor.  See Winfrey, 104
S.W.3d at 283; Juarez, 890 S.W.2d at 185-86; Williams,
631 S.W.2d at 957.  Faced with this
situation, we conclude that the trial court chose an acceptable option to
complete the jury.  See Broussard,
910 S.W.2d at 958.  Further, even if the
trial court erred, Appellant has not shown that the error affected his
substantial rights.  Thus, any error was
harmless.  See Tex. R. App. P. 44.2(b) (any other
error, defect, irregularity, or variance that does not affect substantial
rights must be disregarded).

            Because
venireman Taylor was unavailable to serve as a juror and an alternate juror had
been selected, the trial court did not err in replacing venireman Taylor with
the alternate juror in order to complete the jury.  According, we overrule Appellant’s sole
issue.

 

Disposition

            The
judgments of the trial court are affirmed.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered February 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]
See Tex. Pen. Code Ann. §
22.011(a)(2)(A) (Vernon 2005).