**Donald Gene JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50183.**

Court of Criminal Appeals of Texas.

July 23, 1975.

Andrew McCulloch, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Robert Whaley and Jay Ethington, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

Appellant was found guilty by a jury of the offense of robbery by a firearm and his punishment was assessed by the court at ninety-nine (99) years.

Mrs. McManus, the operator of a cleaning establishment in Dallas identified appellant as the man who robbed her at gunpoint and removed money from the cash drawer. She testified that as manager she had the care, custody and control of the money in the cash drawer. Her grandson, who was helping her that day, also identified appellant as the robber.

Jury selection was completed rather late in the day. The jury was sworn and instructed to return the next morning. During the intervening time, one of the jurors was struck by an automobile and rushed to a hospital. The trial judge, over the objection of appellant, ordered the trial to proceed with the eleven remaining jurors. Appellant contends that since he had not pled to the indictment before the jury, the court reversibly erred in refusing to require a jury of twelve persons before proceeding with the trial.

The applicable portion of Art. 36.29, Vernon's Ann.C.C.P., provides as follows:

"... provided, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it."

In this case, all of the eleven remaining jurors signed the verdict.

At issue is the interpretation of the phrase "when pending the trial of any felony case."

The authority for Art. 36.29, V.A.C.C.P., enacted in 1965, is Article 5, Section 13, of the Constitution of Texas, Vernon's Ann. St., which became effective April 18, 1876. The phrase above referred to has not been interpreted by this Court in the context here involved. However, Article 2204, Ver-

non's Ann.Civ.St., adopted in 1876 and carried forward as Rule 292, Vernon's Texas Rules of Civil Procedure Ann., uses the phrase "pending a trial." See and compare Cuellar v. State, Tex.Cr.App., 521 S.W.2d 277. The phrase was interpreted in Thomas v. Billingsley, 173 S.W.2d 199 (Tex.Civ.App., Dallas, 1943, error refused), wherein the Court said:

> "The point raised is that, the trial of the case had not begun when the juror was excused, hence the 'trial' was not 'pending,' so as to give rise to the power of the court in compelling defendant to proceed with the trial before eleven jurors. We think the 'trial was pending' when the parties announced ready and the jury was selected and sworn to try the cause."

■ We see no reason to adopt a different interpretation of the Constitution merely because its provision is now applicable to criminal as well as civil cases.

■ Appellant next contends that the court erred in permitting the witness McManus to identify appellant because her identification was tainted by a photographic lineup. The trial court held a pretrial hearing on this issue and filed his findings of fact and conclusions of law. We have examined the record of the hearing and find that his findings and conclusions are supported by the evidence adduced during the hearing. Gleffe v. State, Tex.Cr.App., 509 S.W.2d 323; Thompson v. State, Tex.Cr. App., 480 S.W.2d 624.

■ Finally, by means of a supplemental brief filed only in this Court on July 1, 1975, appellant for the first time asserts that the admission of testimony by the arresting officers concerning the arrest of appellant was prejudicial to appellant. No objection was made by appellant at the time this testimony was elicited. In fact, some of the details were brought out by appellant on cross-examination of the officers. Under the circumstances, nothing is preserved for review.

The judgment is affirmed.