Jermaine Charles MATEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00300–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1998.

Published in Part Pursuant
to Tex. R. App. P. 90.

Rehearing Overruled March 9, 1998.

Stephen Morris, Houston, for Appellant.

John B. Holmes, Carol Cameron, Houston, for Appellee.

Before MIRABAL, O'CONNOR and NUCHIA, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant, Jermaine Charles Maten, guilty of capital murder. The State did not seek the death penalty. The trial court assessed punishment at confinement for life. We affirm.

In his first point of error, appellant asserts the trial court committed reversible error in impaneling only 11 jurors to hear his trial, because, under Texas law, 12 jurors constitute a jury.

Appellant's venire panel was assembled on a Friday. At the end of the day, 12 venirepersons were selected to serve as the jury. The judge identified the jurors by name and number. He then dismissed the remaining members of the venire panel and called the 12 selected persons to the bench. The judge spent several minutes instructing the jurors regarding parking, transportation to and from court, juror badges, discussing the case, and absence from work. The jurors were then sent home for the weekend without being sworn.

On Monday morning, one of the jurors approached the trial court with concerns about staying on the jury. Having spoken with her father, a Houston police officer, over the weekend, the juror thought she had been exposed to the case and might be biased. After a full and complete hearing, the trial court decided the case involved a different occurrence, the juror was not biased, and the juror would not be excused. However, when the jury as a whole was assembled in the courtroom, this same juror was absent and apparently ill in the bathroom.

Amidst confusion over the sudden illness and the bias question, appellant objected to the juror situation. Appellant moved to voir dire the juror regarding potential bias and stated he did not want to proceed with 11 jurors. Appellant also argued that the panel may have been tainted by this juror. Appellant announced he was unaware of any illness and would not agree to proceed with 11 jurors on that ground. The court thereafter declared the juror sick.

The discussion concluded when appellant and his attorney agreed to proceed with 11 jurors on the basis of illness. The State also agreed to proceed with 11 jurors, and the remaining jurors were brought back into the courtroom. They were formally sworn and impaneled for the first time, and the trial proceeded.

A defendant charged with a criminal offense has the state constitutional right to a jury. TEX. CONST. art. I, § 10; *see also* TEX.CODE CRIM. P. ANN. art. 1.05 (Vernon 1977). A jury in a criminal district court is defined as 12 persons. TEX. CONST. art. V, § 13; TEX.CODE CRIM. P. ANN. art. 33.01 (Vernon 1989). As a general matter of law, an accused may waive any right afforded to him by law; however, a defendant in a capital felony case where the State is seeking the death penalty may not waive a jury trial. TEX.CODE CRIM. P. ANN. arts. 1.13(a) & 1.14(a) (Vernon Supp.1998); *see also Shaffer v. State,* 769 S.W.2d 943, 944 (Tex.Crim.App. 1989); *Thompson v. State,* 802 S.W.2d 840, 842 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

Article 36.29 of the Code of Criminal Procedure contemplates that, in all district court felony cases, a jury must begin with 12 members. After the jury is impaneled and sworn, if a juror becomes disabled, article 36.29(a) gives the remaining 11 jurors the power to render the verdict. *Strickland v. State,* 741 S.W.2d 551, 553 (Tex.App.—Dallas 1987, no pet.). Article 36.29(a) states:

(a) Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b) of this section, however, when *pending* the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

TEX.CODE CRIM. P. ANN. art. 36.29(a) (Vernon Supp.1998) (emphasis added). Clearly, the article 36.29(a) exception to having 12 jurors applies only "pending the trial."

A case is pending from the moment the jury is sworn to try the case. *Johnson v. State,* 525 S.W.2d 170, 171–72 (Tex.Crim.App. 1975); *Campbell v. State,* 644 S.W.2d 154, 161 (Tex.App.—Austin 1982) (citing *Thomas v. Billingsley,* 173 S.W.2d 199, 200 (Tex.Civ. App.—Dallas 1943, writ ref'd)), *pet. ref'd,* 647 S.W.2d 660 (Tex.Crim.App.1983); *Williams v. State,* 631 S.W.2d 955, 957 (Tex.App.— Austin 1982, no pet.). Until the jury is impaneled and sworn, article 36.29(a) is inapplicable, and a felony defendant is entitled to a 12–person jury. *Williams,* 631 S.W.2d at 957. Thus, the trial judge in the present case had no authority unilaterally to dismiss the ill juror and proceed to trial with 11 jurors, because the jury had not been sworn at the time the ill juror was dismissed.

The issue in this case is whether, being entitled to a 12–person jury under article 36.29(a), appellant could waive this right. According to two recent opinions by the Court of Criminal Appeals, in a case such

as the present one (a capital case where the prosecutor does not seek the death penalty), the answer is yes—a defendant can waive the right to a jury composed of 12 persons in the same way the defendant could waive, in entirety, the right of trial by jury.[1] *Hatch v. State,* 958 S.W.2d 813, 814 (Tex.Crim.App. 1997); *Roberts v. State,* 957 S.W.2d 80, 81 (Tex.Crim.App. 1997).

In the present case, appellant chose to proceed with 11 jurors, waiving his statutory right to a jury of 12 members, and the State consented. The trial court did not err in proceeding to trial with 11 jurors.

We overrule point of error one.

■ In point of error two, appellant makes the same arguments for a 12–person jury, but under the federal constitution. The United States Supreme Court has specifically held that a 12–person jury is not a necessary component of a trial by jury. *Williams v. Florida,* 399 U.S. 78, 86, 90 S.Ct. 1893, 1898, 26 L.Ed.2d 446 (1970). We overrule point of error two.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP. P. 47.4, and is, thus, ordered not published.

We affirm the judgment.

O'CONNOR, J., concurring only in the judgment.

1. *See* TEX.CODE CRIM. P. ANN. art. 1.13(a), 1.14(a), 1.15 (Vernon Supp.1998).