# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00451-CR

**Albert McClellan, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 9034115, HONORABLE CHARLES F. CAMPBELL, JUDGE PRESIDING

## O P I N I O N

In this case, we are asked to decide whether a trial court may dismiss a veniremember before the jury is sworn and proceed to trial, over a defendant's objection, with only eleven jurors. We hold that it may not do so and reverse and remand for a new trial.

## FACTUAL BACKGROUND

In August 2002, Austin Police Officer Shillito stopped a vehicle for failing to observe a stop sign. When the driver, appellant Albert McClellan, failed to produce proper identification, he was arrested for multiple traffic violations, patted down, and handcuffed and secured in the backseat of Shillito's patrol car. Shillito and other officers on the scene then searched appellant's vehicle and found items commonly used in the production of methamphetamine. After finding those

items, Shillito performed a more thorough search of appellant's person while another officer searched the backseat of Shillito's patrol car, where the officer found a plastic bag containing methamphetamine under the backseat. Shillito testified that he had searched the backseat of his patrol car at the beginning of his shift, including pulling out the seat to be sure that nothing was hidden there, and that no one had been in the backseat except for appellant. Appellant was charged with possession or transport of chemicals with intent to manufacture methamphetamine and possession of methamphetamine, Tex. Health & Safety Code Ann. § 481.115 (West 2003), § 481.124 (West Supp. 2004), and the State also alleged prior felony convictions. Tex. Pen. Code Ann. § 12.42 (West Supp. 2004). The parties later agreed to proceed on the first count only.

On Monday of the first day of trial proceedings, during voir dire, venireperson McMath informed the court that she had to go to a funeral on Thursday. Voir dire proceeded, and twelve veniremembers were selected, including McMath. The court released the remaining veniremembers, gave instructions to the twelve selected members, and recessed until the following morning without administering the juror's oath.

The next day, before the jury was sworn, the court asked if the parties agreed that McMath was "disabled" under article 36.29 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 36.29 (West Supp. 2004).[1] The State agreed. Appellant did not agree but stated that

---

[1] Article 36.29 codifies a felony defendant's constitutional right to a twelve-person jury and provides that after a felony trial begins, if one juror dies or becomes disabled, the remaining eleven jurors may render a verdict. Tex. Code Crim. Proc. Ann. art. 36.29 (West Supp. 2004); *Chavez v. State*, 91 S.W.3d 797, 800 (Tex. Crim. App. 2002).

the parties had negotiated a plea agreement. However, after the district court rejected the negotiated plea, appellant changed his plea to not guilty and again objected to excusing McMath. The State agreed that "there must be twelve jurors present unless the trial has begun," suggesting a possible solution that because the jury had not yet been sworn, the court could identify and summon the next available venireperson to replace McMath. The district court acknowledged that it could attempt to replace McMath with a remaining veniremember from the jury pool, but said that it was "willing to take that chance" and that it believed a "trial begins" when the jury has been impaneled. The court then excused McMath under article 36.29 as a "disabled" juror.

Appellant next objected that McMath was not "disabled" under article 36.29, arguing that article 36.29 requires a physical or mental impairment that prevents a person from serving. The court overruled appellant's objection, finding McMath disabled because she was "very emotional about [the funeral]," both during voir dire and after she was selected. The juror's oath was then administered to the remaining eleven jurors, and the trial proceeded. The eleven-person jury found appellant guilty, and the court assessed seven years' imprisonment. This appeal ensued.

## ANALYSIS

That appellant has a constitutional right to be tried by a twelve-person jury is not disputed, Tex. Const. art. V, § 13, nor is the fact that the district court swore in and conducted the trial with only eleven jurors. Therefore, the question is whether appellant's constitutional right was violated when the district court dismissed McMath before the jury was sworn and proceeded to trial with only eleven jurors.

3

Issues of statutory interpretation are questions of law to be resolved by courts and are subject to *de novo* review. *Kuhn v. State*, 45 S.W.3d 207, 209 (Tex. App.—Texarkana 2001, pet. ref'd). Therefore, we will review *de novo* the question of whether appellant's constitutional right to a twelve-person jury was violated.

### *(i) Preservation of Error*

The State first argues that appellant did not preserve his complaint because the objection he made at trial does not comport with the complaint he makes on appeal. The State urges that appellant failed to mention article V, section 13 of the Texas Constitution or state that article 36.29 did not apply. On appeal, appellant argues that the Texas Constitution entitles him to a twelve-person jury and that article 36.29 did not apply to McMath, whereas at trial, he stated that he did not agree to McMath's dismissal and objected that McMath was not "disabled" under article 36.29.

A complaint must be properly preserved before it can be presented on appeal. Tex. R. App. P. 33.1. The record must show that the complaint was timely presented to the trial court, that the defendant stated the grounds for the objection with sufficient specificity to make the trial court aware of the complaint or that the specific grounds were apparent from context, and that the trial court ruled on the objection. *Id.* A general or insufficiently specific objection does not preserve an error for appeal. *Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990). However, if the grounds for the objection are obvious to the court and opposing counsel, then error is preserved for appeal. *Id.* (objection must be sufficiently specific to inform trial court of basis and allow opposing

4

counsel to "remove the objection or supply other testimony"); *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). What would normally be considered an inadequate objection may be sufficient to preserve error if the grounds were apparent from context in the record. *Long*, 800 S.W.2d at 548; *Mack v. State*, 928 S.W.2d 219, 225 (Tex. App.—Austin 1996, pet. ref'd); *see also Eisenhauer v. State*, 754 S.W.2d 159, 161 (Tex. Crim. App. 1988), *overruled on other grounds*, *Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991) (to preserve error, defendant need not cite specific constitutional provision in his objection).

Appellant stated three times that he disagreed with the district court's decision to dismiss McMath. These objections were made in the midst of a discussion in which the district court, the State, and appellant participated. To its credit, the State, too, was so concerned about swearing in only eleven jurors that it raised the issue several times. The relationship of article V, section 13 of the Texas Constitution to article 36.29 was the essence of the discussion. The grounds for appellant's objection were obvious to the district court and the State in this context. *See Eisenhauer*, 754 S.W.2d at 161; *Mack*, 928 S.W.2d at 225. We conclude that appellant's complaint is preserved for appeal.[2]

---

[2] The State further claims that appellant did not properly preserve error because he did not move for a mistrial. The general rule is that a defendant must object, and if the objection is sustained, move for mistrial. *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); *Barletta v. State*, 994 S.W.2d 708, 714 (Tex. App.—Texarkana 1999, pet. ref'd). In other words, the defendant must pursue his objection to an adverse ruling. Tex. R. App. P. 33.1; *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991); *Nethery*, 692 S.W.2d at 701; *Barletta*, 994 S.W.2d at 714. Here, the district court overruled appellant's objection.

*(ii) Application of Article 36.29*

Article V, section 13 of the Texas Constitution grants a defendant in a felony trial the right to be tried by a jury composed of twelve people. Tex. Const. art. V, § 13. This section also provides that "[w]hen, pending the trial of any case," if no more than three jurors die or become disabled, the remaining members of the jury may render a verdict, and that the legislature may modify this rule. *Id.* Pursuant to that authority, the legislature enacted article 36.29 of the code of criminal procedure.[3] *Chavez v. State*, 91 S.W.3d 797, 800 (Tex. Crim. App. 2002).

Article 36.29 of the code of criminal procedure allows fewer than twelve jurors to render a verdict if, "*after the trial . . . begins*," a juror dies or becomes disabled. Tex. Code Crim. Proc. Ann. art. 36.29(a). A trial begins when the jury is sworn.[4] *See Maten v. State*, 962 S.W.2d 226, 227 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *Williams v. State*, 631 S.W.2d 955, 957 (Tex. App.—Austin 1982, no pet.). Thus, if a venireperson is dismissed before the jury is sworn,

---

[3] Pursuant to a 2001 amendment, the language "after the trial of any felony case *begins*" in article 36.29(a) replaced "when *pending* the trial of any felony case." *See* Act of May 31, 1981, 67th Leg., R.S., ch. 545, § 2, 1981 Tex. Gen. Laws 2264, 2264 (since amended) (current version at Tex. Code Crim. Proc. Ann. art. 36.29 (West Supp. 2004)) (emphasis added). The courts have given both versions the same effect. *Compare Winfrey v. State*, 104 S.W.3d 282, 283 (Tex. App.—Eastland 2003, pet. ref'd), *with Williams v. State*, 631 S.W.2d 955, 957 (Tex. App.—Austin 1982, no pet.).

[4] Even if the district court had waited to dismiss McMath until after the jury had been sworn, it is not entirely clear from the record that McMath was "disabled" under article 36.29. Jurors are properly deemed disabled when they are so physically or mentally impaired that they cannot perform their duties as jurors. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999); *Moore v. State*, 82 S.W.3d 399, 406 (Tex. App.—Austin 2002, pet. ref'd). Although we recognize that whether a juror is disabled is within a trial court's discretion, *Brooks*, 990 S.W.2d at 286, there is nothing in the record regarding McMath's emotional state except for the brief statement made by the district court when McMath was dismissed.

6

it is error to proceed under article 36.29. *Maten*, 962 S.W.2d at 227; *Williams*, 631 S.W.2d at 957; *see Broussard v. State*, 910 S.W.2d 952, 957 (Tex. Crim. App. 1995). In such circumstances, a trial court need not dismiss the remaining eleven-person panel and select twelve new veniremembers, but the court is *required* to complete the jury.[5] *Broussard*, 910 S.W.2d at 957-58; *Juarez v. State*, 890 S.W.2d 184, 186 (Tex. App.—Corpus Christi 1994, no pet.); *Williams*, 631 S.W.2d at 957.

Here, the district court made no attempt to replace McMath before the jury was sworn. The State concedes that the court erred by dismissing McMath before the jury was sworn and proceeding to trial without replacing her. Aside from article 36.29, the only time a felony defendant may be tried by fewer than twelve jurors is when both the State and the defendant agree to waive the constitutional right to a twelve-person jury. *Hill v. State*, 90 S.W.3d 308, 314 (Tex. Crim. App. 2002); *see* Tex. Gov't Code Ann. § 62.201 (West 1998). Neither party agreed to such a waiver, and thus the district court erred when it excused McMath under article 36.29 and proceeded to trial with eleven jurors over appellant's objection.

#### (iii) Harmless Error Analysis

Appellant urges that the district court committed reversible constitutional error when it excused McMath and proceeded to trial with eleven jurors, but the State argues that the error was harmless. All errors except for the very limited class of federal "structural" errors are subject to

---

[5] A trial court has the authority and indeed *must* replace a venireperson dismissed after jury members have been selected but before the jury has been sworn, but no statute details how a court should do so. *Juarez v. State*, 890 S.W.2d 184, 186 (Tex. App.—Corpus Christi 1994, no pet.); *Williams*, 631 S.W.2d at 957.

harm analysis. *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). The federal constitution does not grant the right to a twelve-member jury, *Williams v. Florida*, 399 U.S. 78, 86, 99-100 (1970), and therefore, proceeding to trial with eleven jurors is not federal structural error. *See Johnson v. United States*, 520 U.S. 461, 468-69 (1997); *Chavez*, 91 S.W.3d at 800.[6]

To determine the standard used to evaluate an error subject to harm analysis, we must classify the error as either constitutional (but non-structural) or non-constitutional error. Tex. R. App. P. 44.2. Constitutional error offends either the United States or Texas Constitution. *Tate v. State*, 988 S.W.2d 887, 890 (Tex. App.—Austin 1999, pet. ref'd). One commentator has used the term "origin test" to describe the method used by Texas courts to determine whether an error is constitutional or non-constitutional. Andrew Murr, *Texas Attempts to See the Light Through Its Own Muddied Jurisprudential Waters: The Difficulties In Choosing the Applicability of Constitutional Versus Non-Constitutional Reversible Error*, 34 Tex. Tech L. Rev. 297, 323 (2003) (citing *Carranza v. State*, 980 S.W.2d 653, 656-58 (Tex. Crim. App. 1998)). The right to a twelve-person jury is granted explicitly in the Texas Constitution and was codified by the legislature in article 36.29. *Castaneda v. State*, 28 S.W.3d 685, 696 (Tex. App.—Corpus Christi 2000, no pet.); *Rivera v. State*, 12 S.W.3d 572, 579 (Tex. App.—San Antonio 2000, no pet.). That the legislature codified this

---

[6] *But see Ballew v. Georgia*, 435 U.S. 223, 236 (1978) ("[T]he data suggest that the verdicts of jury deliberation in criminal cases will vary as juries become smaller, and that the variance amounts to an imbalance to the detriment of one side, the defense.").

.

8

constitutional right does not transform it into a statutory, non-constitutional right, and the issue here is not a violation of article 36.29, but rather of the Texas Constitution. *Rivera*, 12 S.W.3d at 579; *see also Chavez*, 91 S.W.3d at 800-01 (defendant complained of violation of statute detailing juror replacement procedure, not violation of his constitutional rights; "failure of a trial court to adhere to a statutory procedure related to a constitutional provision is a violation of the statute, not a violation of the constitutional provision itself"). We conclude that in denying appellant his right to a twelve-person jury, the district court committed constitutional error.[7]

Unless the record shows beyond a reasonable doubt that a constitutional error did not contribute to a conviction or punishment, we must reverse. Tex. R. App. P. 44.2(a); *Ex parte Russell*, 738 S.W.2d 644, 646 (Tex. Crim. App. 1986); *Tate*, 988 S.W.2d at 889; *see Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000). By improperly excusing McMath, the trial court lessened the State's burden to prove appellant guilty beyond a reasonable doubt. *Rivera*, 12 S.W.3d at 579. Instead of having to convince twelve jurors that conviction was warranted, the State was only required to convince eleven. *Id.*; *see Ballew v. Georgia*, 435 U.S. 223, 236 (1978). Moreover, in its attempt to show that the court's error was harmless, the State largely argues that appellant has not

---

[7] Rule 44.2(b) of the rules of appellate procedure, which outlines the standard for reversible, non-constitutional error in criminal trials, was modeled on rule 52(a) of the federal rules of criminal procedure. *Carranza v. State*, 980 S.W.2d 653, 657 (Tex. Crim. App. 1998); *see* Fed. R. Crim. P. 52(a); Tex. R. App. P. 44.2(b). The purpose of rule 52(a) of the federal rules is to prevent criminal cases from being overturned due to technical errors. Fed. R. Crim. P. 52(a); *Kotteakos v. United States*, 328 U.S. 750, 760 (1946). Labeling the error in this case as non-constitutional equates the error with technical or procedural errors and belittles the importance of the right to a twelve-person jury under the Texas Constitution.

shown that he was harmed, which is an attempt to shift the burden to appellant. We cannot speculate as to how a twelfth juror would have voted or might have influenced the verdict, and under these circumstances, we cannot conclude beyond a reasonable doubt that the error did not affect the jury's verdict. *See Cain*, 947 S.W.2d at 264; *Rivera*, 12 S.W.3d at 579-80.[8]

Even if we were to accept the State's argument that proceeding to trial with eleven jurors was non-constitutional error, the error would require reversal under the lower standard providing that an error not affecting substantial rights should be disregarded. Tex. R. App. 44.2(b). A defendant's substantial rights are affected if an error substantially or injuriously influences a jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). When an error is non-constitutional and it is impossible to measure whether the error harmed substantial rights, the error cannot be disregarded as harmless, and a conviction should be reversed. *Kotteakos v. United States*, 328 U.S. 750, 765 (1946) (applying rule 52(a) of federal rules of criminal procedure); *Cain*, 947 S.W.2d at 264. We cannot determine whether this error affected the jury's verdict, and therefore it is impossible to determine whether the error was harmless.[9] We sustain appellant's issue on appeal.

---

[8] The State suggests we should conduct a harm analysis as we would in a case of jury-pool error. However, such cases involve the effect and impartiality of an identifiable juror. In this case we do not know which venireperson would have been chosen had the district court attempted to select a twelfth juror.

[9] The State argues that "had the trial court simply decided to take up this issue a few minutes later and made the decision to excuse this juror *after* swearing in the jury, the result would have been completely different." In this case, the court's decision made the difference between following established law and making an error to the detriment of the appellant's state constitutional rights.

## CONCLUSION

The district court made a constitutional error when it swore in and proceeded to trial with eleven, rather than twelve, jurors. Because we cannot conclude beyond a reasonable doubt that this error was harmless, we reverse the judgment of conviction and remand the cause for a new trial.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed:   August 12, 2004

Publish

11