Opinion issued June 28, 2007 









Opinion issued June 28, 2007










 

 

 

 




 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00359-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JUAN CASTRO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1017165

 








 



O P I N I O N

 

Appellant Juan
Castro pleaded not guilty to the first-degree felony offense of aggravated
robbery.  See Tex. Pen. Code Ann.
§ 29.03(a)(2), (b) (Vernon 2003).  A jury found Castro guilty and assessed
punishment at sixty years’ confinement.  In two issues, Castro contends the
trial court (1) abused its discretion in dismissing a juror as disabled and
proceeding to trial with eleven jurors instead of twelve, and (2) erred in
failing to give Castro the choice between continuing with eleven jurors or a
mistrial.  We conclude that the trial court (1) did not abuse its discretion in
dismissing the disabled juror and proceeding to trial with eleven jurors
instead of twelve, and (2) was not required to give Castro the choice between
continuing with eleven jurors or a mistrial.  We therefore affirm.

Background

          On the night of November
15, 2004, Karen Carnes and Christopher Martin were in their apartment when
Castro and an unidentified second man broke in through a back window.  Castro
had a knife and the second man had a gun.  The men forced Carnes and Martin
into a back bedroom where they tied them up and forced towels into their
mouths.  They then ransacked the apartment in search of valuables, taking with
them some jewelry and electronics when they left.  Carnes and Martin were able
to free themselves and call the police.  Castro was later identified as one of
the robbers through fingerprint evidence.    

Disabled Juror

          In his first issue, Castro
contends the trial court abused its discretion in dismissing a juror as
disabled and proceeding to trial with eleven jurors instead of twelve.

          The trial court empanelled
and swore in the jury in this case on April 12, 2006.  The jury consisted of
twelve members and one alternate.  Because of a holiday weekend, the jury did not
return for the remainder of the trial until April 17, 2006.  On the morning of
April 17, a juror named Tran asked to speak with the judge.  Tran explained
that English was his second language and he was worried about his ability to
understand the testimony at trial.  The court excused Tran without objection
from Castro or the State.  

A second juror named Christopher
Kasinsky failed to appear on the morning of April 17.  The trial court called
Kasinsky and asked for an explanation.  Kasinsky explained that he was feeling
nervous and uneasy about serving on the jury.  Kasinsky also told the judge
that the thought of passing judgment on another person made him physically sick
and he had thrown up several times.  Kasinsky is a Jehovah’s Witness, and he admitted
that his feelings about jury service stemmed partially from his religious
beliefs.  Putting his religious beliefs aside, Kasinsky still had personal
reservations about jury service.  When the trial court asked whether he could
render a true verdict based on the law and evidence, Kasinsky responded that he
could not, and he would have a very difficult time rendering a guilty verdict
regardless of the evidence.  The trial court excused Kasinsky from jury service
as a disabled juror under article 36.29 of the Texas Code of Criminal
Procedure.  See Tex. Code Crim.
Proc. Ann. art. 36.29(a) (Vernon 2006).  The trial court placed the
alternate on the jury and proceeded with only eleven jurors.

Article 36.29(a) of the Texas Code of
Criminal Procedure provides:

Not less than twelve jurors can render and return a verdict in a
felony case.  It must be concurred in by each juror and signed by the foreman. 
Except as provided in Subsection (b), however, after the trial of any felony
case begins and a juror dies or, as determined by the judge, becomes disabled
from sitting at any time before the charge of the court is read to the jury,
the remainder of the jury shall have the power to render the verdict; but when
the verdict shall be rendered by less than the whole number, it shall be signed
by every member of the jury concurring in it.

 

Id.[1]  A
juror is disabled if he has a physical illness, mental condition, or emotional
state that hinders his ability to perform his duties as a juror. 
Hill v. State, 90
S.W.3d 308, 315 (Tex.
Crim. App. 2002); Landrum v. State, 788 S.W.2d 577, 579
(Tex. Crim. App. 1990).  A disability for purposes
of article 36.29 includes any condition that inhibits a
juror from fully and fairly performing the functions of a juror.  Routier v. State, 112
S.W.3d 554, 588 (Tex.
Crim. App. 2003).  The determination as to
whether a juror is disabled lies within the sound discretion of the trial
court.  Brooks v. State, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999).  “A
trial court abuses its discretion when its decision lies outside the zone of
reasonable disagreement.”  Casey
v. State, 215 S.W.3d 870, 879 (Tex.
Crim. App. 2007).

          Here, the trial court found that Kasinsky was disabled
due to an emotional condition that had resulted in physical illness and
rendered him unable to fairly and fully perform his duties as a juror.  See Tex.
Code Crim. Proc. Ann. art. 36.29(a); Routier, 112
S.W.3d at 588.  The record contains sufficient evidence
to support this conclusion.  Kasinsky expressly told the trial court that
because of his religious and personal beliefs, he could not render a true verdict based on the
law and evidence, and the thought of passing judgment on another person made
him physically sick and he had thrown up several times.  See Routier, 112 S.W.3d at 588
(holding trial court did not abuse its discretion in discharging juror as
disabled because trial court had evidence that juror had flu); Ramos v. State, 934
S.W.2d 358, 369 (Tex. Crim. App. 1996)
(holding that trial court did not abuse its discretion in discharging juror as
disabled because juror stated that his service would be
impaired by his mental and emotional concerns relating to his employment);
Moore v. State,
82
S.W.3d 399, 406–07 (Tex. App.—Austin 2002,
pet. ref’d) (holding that trial court did not abuse its discretion in
discharging juror as disabled because juror reported that he
was suffering from severe gastrointestinal illness and was too weak to come to
court); Moffett
v. State, 949 S.W.2d 778,
783 (Tex. App.—Beaumont 1997, pet. ref’d) (holding that trial
court did not abuse its discretion in discharging juror as disabled because
juror stated that she was having family problems and her mental
capacity to participate in trial would be diminished, and she would possibly be
physically sick); Freeman v. State, 838
S.W.2d 772, 774 (Tex. App.—Corpus Christi
1992, pet. ref’d) (holding that trial court did not abuse its discretion in
discharging juror as disabled because juror stated that he was
very concerned about being absent from his job and he did not feel that he
could be attentive during trial).  The trial court had
sufficient evidence to conclude that Kasinsky suffered from an emotional state
that hindered his ability to perform his duties as a juror.  See Hill,
90 S.W.3d at 315.  We therefore hold that the trial court
did not abuse its discretion in dismissing Kasinsky as disabled and proceeding
to trial with eleven jurors.  See Tex.
Code Crim. Proc. Ann. art. 36.29(a).  We overrule Castro’s first issue.

Choice Between Eleven
Jurors or a Mistrial

          In his second issue,
Castro contends the trial court erred in failing to give him the choice between continuing with
eleven jurors or a mistrial. 

Article 36.29 of the Texas Code of Criminal
Procedure contemplates that a jury in a felony case must begin with twelve
members.  Tex. Code Crim. Proc. Ann. art. 36.29(a); Maten v. State, 962 S.W.2d 226, 227 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d).  If a juror becomes disabled after the jury is impaneled and sworn,
article 36.29(a) gives the remaining eleven jurors the power to render the
verdict.  Tex. Code Crim.
Proc. Ann. art. 36.29(a); Maten, 962 S.W.2d at 227.

In Hegar v. State, the trial court
empanelled and swore in a jury of twelve with no alternates.  11 S.W.3d 290, 292 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). 
The trial court then released the remainder of the venire panel.  Id.  After a short recess, one of the empanelled jurors informed the trial court
that she was not feeling well because she had been in a car accident the day
before.  Id.  The trial court dismissed the juror as disabled without
objection from Hegar or the State.  Id. at 292–93.  The trial court then
empanelled and swore in the next venire member and proceeded to trial with
twelve jurors.  Id. at 293.  Hegar moved for a mistrial but the trial
court denied the motion.  Id.  On appeal, this court held that “[w]hen
article 36.29 applies, the options available to a defendant are (1) to
discharge the juror and continue with 11 jurors, or (2) to move for a
mistrial.”  Id. at 294; see also Carrillo
v. State, 597 S.W.2d 769, 771
(Tex. Crim. App. 1980); Strickland
v. State, 741 S.W.2d 551,
553 (Tex. App.—Dallas 1987, no pet.).  “The
trial court errs if it does not give a defendant the opportunity to choose
between continuing with 11 jurors or seeking a mistrial.”  Hegar, 11
S.W.3d at 294; see also Carrillo, 597 S.W.2d at 771.  

Castro misconstrues the rule from Hegar
and incorrectly applies it to the facts of this case.  Under Hegar, the trial court is
required to give the defendant the choice between eleven jurors or a mistrial
when a disabled juror is dismissed and the trial court seeks to empanel a
previously dismissed venire member.  Hegar,
11 S.W.3d at 294.  In such a situation, a trial court should not
empanel a previously dismissed venire member; rather, a trial court must give
the defendant the “opportunity to choose between continuing with
11 jurors or seeking a mistrial.”  Id.     

Here, the trial court did not attempt to empanel
a previously dismissed venire member.  See id. at 293–94.  After
dismissing Tran and Kasinsky, the trial court placed the alternate on the jury
and proceeded to trial with eleven jurors in accordance with article 36.29.  See
Tex. Code Crim. Proc. Ann. art.
36.29(a).  A district court may empanel not more than four alternate jurors,
and alternate jurors are drawn and selected in the same manner, have the
same qualifications, are subject to the same examination
and challenges, take the same oath, and have the same functions, powers,
facilities, security, and privileges as regular jurors.  Tex. Code Crim. Proc. Ann. art. 33.011
(Vernon 2006).  Because the trial court did not attempt to
empanel a previously dismissed venire member, the court was not required to
give Castro the “opportunity to choose between continuing with 11 jurors or
seeking a mistrial.”  Hegar, 11 S.W.3d at 294; see also Carrillo,
597 S.W.2d at 771; Strickland,
741
S.W.2d at 553.  We hold that the rule from Hegar does not
apply to the facts of this case.  See 11
S.W.3d at 294.  We overrule Castro’s second issue.

Conclusion

We hold that the trial court (1) did
not abuse its discretion in dismissing Kasinsky as a disabled juror and
proceeding to trial with eleven jurors instead of twelve, and (2) was not
required to give Castro the choice between continuing with eleven jurors or a
mistrial.  We therefore affirm the judgment of the trial court.

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Justices Nuchia,
Hanks, and Bland.

Publish.  Tex. R. App. P. 47.2(b).

 









[1] “A trial begins when the jury is sworn.”  McClellan v. State, 143 S.W.3d 395, 399–400 (Tex.
App.—Austin 2004, no pet.); Maten v. State, 962 S.W.2d 226, 227 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref’d); see also Crist v. Bretz, 437 U.S. 28,
35, 98 S. Ct. 2156, 2161 (1978) (holding that jeopardy attaches when jury is
empanelled and sworn); McElwee v. State, 589 S.W.2d 455, 457 (Tex. Crim.
App. 1979); State v. C.J.F., 183
S.W.3d 841, 847 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied).