Opinion issued November 8, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00657-CR






CARMELO LAGUNAS DIAZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1021290






MEMORANDUM OPINION


 A jury convicted appellant, Carmelo Lagunas Diaz, of murder (1) and assessed
punishment at life imprisonment and a $10,000 fine. In three points of error,
appellant argues that he did not receive a fair trial because (1) one venireperson was
empaneled despite stating that she would require appellant to testify; (2) the trial
court failed to determine whether jurors may have viewed a District Attorney's
webpage that contained information about the case; and (3) the jury saw photos of
appellant with his hands shackled and bagged behind him.

 We affirm.

Background


 In the early morning of March 26, 2005, appellant shot and killed his girlfriend,
Iracema Segovia, in the backseat of a taxicab. Immediately following the shooting,
appellant fled the scene on foot, but was soon found by police. Houston Police
Officer D. Carbajal took custody of appellant, handcuffed him, bagged his hands with
brown paper bags to preserve gun powder residue, and placed him in the back of her
patrol car. Appellant was later indicted for the felony offense of murder. A jury
found appellant guilty and assessed punishment at life imprisonment and a $10,000
fine.

Discussion

 Biased Jury Member

 In his first point of error, appellant argues that he was deprived of his
constitutionally protected right to a fair trial because venireperson 23 was allowed to
serve on the jury. During voir dire of the jury panel, venireperson 19 stated that it
would be difficult for her to find appellant not guilty if appellant did not testify. Then
the following exchange took place between the trial court and venireperson 23:

[COURT]: Is there anybody else that feels like Panel
Member No. 19? Okay. You're 22?


[VENIREPERSON]: 23.


[COURT]: Okay.


[VENIREPERSON]: I understand the law, but I'm not going to say
it won't be in the back of my mind that he
could possibly be guilty if he doesn't open his
mouth, bottom line.


[COURT]: Okay. So, even if the State doesn't prove the
case, you're going to hold that against him or
you'll consider it as some evidence?


[VENIREPERSON]: I'm going to say that I cannot--


[COURT]: Okay. . . .


 Venireperson 23 was eventually empaneled as a juror with no objection from
appellant. The trial court specifically asked if there were any objections to the jury,
to which appellant's trial counsel replied, "No, Your Honor." Appellant did not
testify at the guilt-innocence phase of trial. Appellant claims that venireperson 23's
statement that it would be "in the back of [her] mind that [appellant] could possibly
be guilty if he doesn't open his mouth" shows that she was biased against following
the trial court's instruction that a criminal defendant has a constitutional right not to
testify.

 As a prerequisite for presenting an error for appellate review, the record must
show that the error was preserved. Tex. R. App. P. 33.1. Article 35.16 of the Code
of Criminal Procedure lists the specific grounds on which a potential juror may be
challenged for cause. Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (Vernon 2006). 
When a venire person is subject to challenge under article 35.16, the failure to assert
a challenge for cause during voir dire waives any ground of error on appeal. Jackson
v. State, 548 S.W.2d 685, 697 (Tex. Crim. App. 1977). Even making a challenge for
cause is not enough by itself to preserve error for appellate review. To preserve error
with respect to a trial court's denial of a challenge for cause, an appellant must: (1)
assert a clear and specific challenge for cause; (2) use a peremptory strike on the
complained-of veniremember; (3) exhaust his peremptory strikes; (4) request
additional peremptory strikes; (5) identify an objectionable juror; and (6) claim that
he would have struck the objectionable juror with a peremptory strike if he had had
a strike to use. Allen v. State, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003);
Fulenwider v. State, 176 S.W.3d 290, 300 (Tex. App.--Houston [1st Dist.] 2004, no
pet.).

 The record shows that, at the conclusion of voir dire, appellant failed to make
a challenge for cause or to use his peremptory challenges to exclude venireperson 23. 
He failed to make any objection of any kind regarding the selection of jurors, even
when the trial court gave him an additional opportunity to do so after voir dire. We
conclude that appellant's failure to present a challenge for cause during voir dire
waived any ground for error regarding the matter. See Jackson, 548 S.W.2d at 697. (2)

 We overrule appellant's first point of error.

 Jury Poll

 In his second point of error, appellant argues that he was deprived of a fair trial
because the trial court failed to poll jury members about exposure to a webpage on
the District Attorney's website that contained information about appellant's case. 
Appellant's objection was made by motion after the jury was empaneled, but before
appellant was arraigned. The webpage in question was on the public side of the
District Attorney's website and was titled "Trials to Watch." It contained a basic
factual summary of information about the case from the prosecutor's perspective. It
had been launched about two weeks before appellant's trial, and its goal was to
replace the District Attorney's e-mails to media outlets concerning upcoming cases. 
Appellant's specific objection was as follows:

[TRIAL COUNSEL]: Judge, I'm objecting to the District Attorney
publishing reported facts of this case on a
website that the jury might see. I think it
violates the Code of Ethics certainly to
publish information about an ongoing trial
that a jury might--might read. And it also
gives incorrect facts. And we would object to
them publishing--I wouldn't be able to do the
same thing on a website. I think that they
should--


[COURT]: I don't know--I'm going to overrule it. One,
there's no gag order preventing anybody from
saying anything about the trial. . . . I don't see
any harm. And there's no--no evidence that
anybody on the jury has, in fact, seen those
notes. And, in fact, it's a matter of public
record already. The probable cause is a
matter of public record in the clerk's file that
anybody that wanted to see this could
probably look at it. . . .


[TRIAL COUNSEL]: [] . . . But we'd at least like the jury
admonished before they separate not to read
any new accounts, if there are any. Although
I think some trial here may have that market
cornered. But at least this or any other--I
mean, I wouldn't want the Court to point
them to this obviously.


[COURT]: Well, yeah, that's part of the problem. I
seriously doubt if anybody's going to the
DA's website to see [this].


[STATE]: [Explains the details of the website.]


[COURT]: []. . . I don't see any harm. Of course, I think
the problem is if I tell the jury not to look at
it, you know how that is. It's like telling your
kids there's cookies in that cabinet up there,
but you can't have any. And they're going to
hear the case soon enough. So, I mean I will
if you want to, but I think that there's a
danger in doing that.


[TRIAL COUNSEL]: No. Well, just the general admonishment
that's normally given about not reading news
summaries or anything like that.


[COURT]: All right.

After arraigning appellant, the trial court included in its admonishments to the jury
an admonishment about avoiding newspapers or other media that might talk about the
case they were about to hear.

 To raise an error of this type for appeal, the error must have been preserved
during trial through a specific objection. Tex. R. App. P. 33.1(a)(1)(A); Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). The point of error on appeal must
comport with the objection made at trial. Id. This rule applies even if the error is
based upon constitutional grounds. Curry v. State, 910 S.W.2d 490, 496 n.2 (Tex.
Crim. App. 1995) (quoting Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990)).

 During trial, appellant objected, first, that it was a violation of the Code of
Ethics for the District Attorney to publish information about the case on a website
where the jury might be able to read it and, second, that the information on the
website was false. The trial court overruled the objection, stating that it did not see
any actual harm in the website because it was unlikely any jurors had actually looked
at it and the material available was a matter of public record anyway. Appellant then
requested that the trial court give the jury "just the general admonishment that's
normally given about not reading news summaries or anything like that." Both
appellant's trial counsel and the trial court agreed that it could be worse to give the
jury any specific information about the website, as it might unduly attract them to it. 
At no point did appellant ask the trial court to poll the jury about any exposure to this
website. His complaint on appeal does not match his objection at trial; therefore, he
has not preserved the error for appellate review. See Tex. R. App. P. 33.1(a)(1)(A);
Wilson, 71 S.W.3d at 349.

 We overrule appellant's second point of error.

 Improper Admission of Photographs

 In his third point of error, appellant claims that the State's introduction of
photographs depicting appellant with his hands shackled and bagged behind him
denied him a fair trial. The State offered two photographs, State's Exhibits 33 and
36, that show a side view of appellant from the head to below the waist. The third
photograph, State's Exhibit 37, shows a back view of appellant from his shoulders
down, and shows a clearer, closer view of the bagged and shackled hands. All three
photographs were tendered to appellant prior to admission and publication, and
appellant's trial counsel affirmatively stated that he had no objection to their use. The
photographs were used by the State during the arresting officer's testimony that the
person shown in the pictures--appellant--was the person he arrested. They were also
used to aid the crime scene investigator in testifying about appellant's appearance
after his arrest. The photographs were even referred to by appellant's trial counsel
at one point in his cross-examination of the investigator. Appellant never made any
objection to the admission of the photographs or to their use by the State in presenting
its case.

 Under the rules of evidence and the rules of appellate procedure, if, on appeal,
an appellant claims that the trial court erred in admitting evidence offered by the
State, the defense must have made a timely objection and have stated a specific basis
for the objection unless the particular ground was apparent from the context, and the
trial court must have overruled the objection or refused to rule. Tex. R. App. P. 33.1;
Tex. R. Evid. 103(a)(1); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991). With the exception of the right of trial by jury, a defendant can waive any trial
error--even constitutional error--by failing to properly object or request the proper
relief. Tex. Code Crim. Proc. Ann. art. 1.14 (Vernon 2005); Curry, 910 S.W.2d at
496 n.2 (quoting Briggs, 789 S.W.2d at 924); Maten v. State, 962 S.W.2d 226, 227
(Tex. App--Houston [1st Dist.] 1998, pet. ref'd).

 The record shows that the photographs appellant complains of were admitted
without objection. In two separate instances, appellant's trial counsel affirmatively
stated that he had no objection to the use of the photographs. Because appellant did
not make an objection at trial, he cannot complain for the first time on appeal. See
Tex. R. App. P. 33.1; Tex. R. Evid. 103(a)(1); Ethington, 819 S.W.2d at 858.

 We overrule appellant's third point of error.

Conclusion

 We affirm the judgment of the trial court.





 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 19.02 (Vernon 2003).
2. Appellant improperly relies on Anderson v. State, 633 S.W.2d 851, 854 (Tex. Crim.
App. 1982). Anderson states, "When a prospective juror is shown to be biased as a
matter of law, he must be excused when challenged . . . ." Id. (emphasis added). 
Here, appellant made no challenge.