Opinion issued December 18, 2008









     



In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00740-CR
        



DAVID GARZA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1475517




O P I N I O N

          We sua sponte withdraw our opinion and judgment issued October 30, 2008
and replace them with this opinion and judgment. See Tex. R. App. P. 50. Appellant,
David Garza, appeals from the trial court’s order denying his pretrial application for
writ of habeas corpus that sought relief from double jeopardy in trial court cause
number 1475517. See Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon 2005). In
this appeal, appellant asserts the trial court erred by sua sponte declaring a mistrial
and by denying defense counsel’s application for a writ of habeas corpus based upon
double jeopardy grounds. In his first issue, appellant contends this error violated the
Fifth and Fourteenth Amendments to the United States Constitution. See U.S. Const.
amends. V, XIV. In his second issue, appellant asserts this error violated sections
fourteen and nineteen of article one of the Texas constitution and articles one and
eleven of the Code of Criminal Procedure. See Tex. Const. art. I, §§ 14, 19; Tex.
Code Crim. Proc. Ann. arts. 1.10, 11.09 (Vernon 2005). We conclude that the trial
court erred by sua sponte declaring a mistrial and that appellant’s retrial for driving
while intoxicated is barred by double jeopardy. We reverse the trial court’s order
denying habeas corpus relief.
Procedural Background
          A jury was empaneled and sworn in to hear appellant’s charge for the
misdemeanor offense of driving while intoxicated. The jury was released to return
the following day to hear the evidence. The next day, before any evidence was
presented, the trial court was informed that one of the jurors had a “cardiac event”
either the previous evening or early that morning. The trial court reset the case for
two days later, August 16.
          On August 16, the parties reconvened. The deputy of the trial court informed
the court that the juror, identified as Mr. Headrick, was still in the hospital as of
August 15. Headrick indicated his desire to return for jury duty, but his doctor would
not release him for work until after he took and received the results from a stress test. 
Headrick stated the earliest the test could be done was Tuesday of the following
week. Upon learning this information, the State moved for a mistrial, and appellant
objected. Appellant asserted there was no manifest necessity for a mistrial and
requested a “short recess” or continuance until the following week to determine
whether the juror would be able to return. The trial court reset the case for August
22, but left pending the State’s motion for a mistrial. The court also instructed the
deputy to call the remaining five jurors to check their availability for the following
week.
          Later that same day, on August 16, the court met with the attorneys to discuss
the status of the remaining jurors. The State withdrew its motion for mistrial. After
that, the deputy reported that he was able to speak with three of the five remaining
jurors. The three jurors said they would remain available for trial. However, one of
them said he would be unavailable on two days of the following week for a business
trip. The deputy left messages for the two jurors he was not able to reach. 
          After listening to the deputy, the trial court stated,
I told the jury on Monday and I think the record will reflect this – that
this trial would take no more than two days, Monday and Tuesday to try.
And it is this Court’s experience that when the trial takes considerably
longer than what the court had anticipated, that could create problems
with the jury’s attitude and the jury’s willingness to process information
and so forth, in my experience as a judge and as a lawyer for 20 years.
And this Court is deeply concerned about keeping the jury through the
weekend and holding through next week beyond Wednesday, when it is
even uncertain as to when the traveling juror will be returning back into
town. It is still uncertain whether Juror No. 16, Mr. Headrick, the
stricken juror, would even be able to come to court, much less go to
work, according to his doctor and his reports to the Deputy whether he
will be back.

The trial court then sua sponte declared a mistrial for manifest necessity. In response
to the trial court’s statement, appellant objected as follows,
For the record, Judge, the defense objects to the mistrial. This is the
Jury that the Defendant wants to hear his case. In the alternative, the
defense requests a continuance of the matter. We anticipate—and I
think everybody will agree—that the testimony in the case, this should
be a one day trial. The State only has one witness to offer. We don’t
anticipate that the evidence will take longer than one day in court. A
short recess for the jury to come back in one week or two weeks, at the
most, is what we’re requesting. And/or, in the alternative, we’re
requesting to proceed through trial with the five remaining jurors that
did not have a problem. It was only one juror who has the medical need
to be absent, who has indicated that he still desires to be on the jury. We
anticipate – I don’t want to misstate it. He is in the hospital, but it
appears there is a high probability of recovery in the near future. So,
we’re just asking for a short continuance. And since it will be a one day
trial, we don’t feel that it’s unduly burdensome on the remaining jurors. 
So, for those reasons, we object.
(Emphasis added). After the court and appellant’s attorney further discussed when
Headrick might become available, the court confirmed its ruling to declare a mistrial.
          Prior to the start of the second trial, appellant filed an application for writ of
habeas corpus based on a violation of double jeopardy principles. The trial court
denied habeas corpus relief and this appeal followed.Double Jeopardy
          In his first issue, appellant contends the trial court violated the principles of
double jeopardy by denying his pretrial application for writ of habeas corpus because
there was not a manifest necessity for declaring a mistrial.
          A.      Standard of Review
          In reviewing the trial court’s decision to grant or deny habeas corpus relief, we
view the facts “in the light most favorable to the trial judge’s ruling and should
uphold it absent an abuse of discretion.” Ex parte Wheeler, 203 S.W.3d 317, 324
(Tex. Crim. App. 2006). Similarly, we review for abuse of discretion the trial court’s
application of the law to the facts if the resolution of the ultimate questions turns on
an evaluation of credibility and demeanor. See Ex parte Peterson, 117 S.W.3d 804,
819 (Tex. Crim. App. 2003) (per curiam). If the resolution of the ultimate questions
turns on an application of legal standards, we review the determination de novo. Id.
          B.      Double Jeopardy
          Double jeopardy is the principle that a person shall not “be subject for the same
offense to be twice put in jeopardy of life or limb.” U.S. Const. amend. V. The
prohibition protects against (1) a second prosecution for the same offense after
acquittal; (2) a second prosecution for the same offense after conviction; and (3)
multiple punishments for the same offense. Ex parte Kopecky, 821 S.W.2d 957, 958
(Tex. Crim. App. 1992). 
          The constitutional double jeopardy protection embraces the defendant’s right
to have his trial completed by a particular tribunal. Arizona v. Washington, 434 U.S.
497, 503, 98 S. Ct. 824, 829 (1978). When a mistrial is declared over the defendant’s
objection after the jury is sworn, a retrial is barred by double jeopardy unless there
was manifest necessity for the mistrial. Id. at 505, 98 S. Ct. at 830. 
          Manifest necessity is, and should be, “limited to very extraordinary and striking
circumstances.” Ex parte Little, 887 S.W.2d 62, 65 (Tex. Crim. App. 1994). “There
must be a ‘high degree’ of necessity that the trial come to an end.” Ex Parte Fierro,
79 S.W.3d 54, 56 (Tex. Crim. App. 2002) (citing Torres v. State, 614 S.W.2d 436,
442 (Tex. Crim. App. 1981)). To find manifest necessity, the trial court cannot
simply make token reference to the various alternatives before ordering a mistrial; the
trial court must “carefully and deliberately consider which of all the alternatives best
balances the defendant’s interest in having [the] trial concluded in a single proceeding
with society’s ‘interest in fair trials designated to end in just judgments.’” Brown v.
State, 907 S.W.2d 835, 840 (Tex. Crim. App. 1995). This deliberate consideration
by the trial court of various alternatives, and the appropriate weights to be given to
each of those alternatives when assessing those options, requires the trial court to
conduct “more than a mere pro forma exercise to mask the trial judge’s preferred
course of action.” Id. The trial court must always implicitly or explicitly choose the
least drastic alternative to granting a mistrial; otherwise, the trial court abuses its
discretion. Id.; Ex Parte Little, 887 S.W.2d at 65. 
          C.      Composition of Jury
          The Code of Criminal Procedure does not address the situation in which a juror
becomes disabled after being sworn in a misdemeanor trial, but it does address the
situation where a juror becomes disabled after being sworn during a felony trial. A
juror is disabled if he has a physical illness that hinders his ability to perform his
duties as a juror. Hill v. State, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002). Article
36.29(a) states that, in a felony case, a jury of 11 may return a verdict if a juror
becomes disabled. Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 1999);
Hegar v. State, 11 S.W.3d 290, 293 (Tex. App.—Houston [1st Dist] 1999, no pet.). 
Article 36.29 contemplates that a jury in a felony case must begin with 12 members. 
Maten v. State, 962 S.W.2d 226, 227 (Tex. App.—Houston [1st Dist.] 1998, pet
ref’d). If a juror becomes disabled after the jury is impaneled and sworn, article 36.29
gives the remaining 11 jurors the power to render the verdict. Id. When article 36.29
applies, the options available to a defendant are (1) to discharge the juror and
continue with 11 jurors, or (2) to move for a mistrial. Carrillo v. State, 597 S.W.2d
769, 771 (Tex. Crim. App. 1980). The trial court errs if it does not give a defendant
the opportunity to choose between continuing with 11 jurors or seeking a mistrial. 
Id.; Strickland v. State, 741 S.W.2d 551, 553 (Tex. App.—Dallas 1987, no pet.);
Moya v. State, 691 S.W.2d 63, 65 (Tex. App.—San Antonio 1985, no pet.). 
          Although the Code of Criminal Procedure does not address how a court should
proceed when there are fewer than six remaining jurors in a misdemeanor case due
to the disability of one of the jurors, courts have treated this situation in misdemeanor
juries the same as for felony juries. Juries in county courts are to be composed of six
qualified jurors. See Tex. Const. art. V, § 17; Tex. Code Crim. Proc. Ann. art.
33.01 (Vernon Supp. 2008); Tex. Gov’t Code Ann. § 62.301 (Vernon 2005). A
defendant may waive his right to a jury trial if he makes a written waiver in person
“in open court with the consent and approval of the court and the attorney
representing the State.” Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon 2005). 
The right to a jury trial may be waived in both felony and misdemeanor prosecutions. 
See Texas ex rel. Curry v. Carr, 847 S.W.2d 561, 566 (Tex. Crim. App. 1992); Josey
v. State, 857 S.W.2d 815, 816 (Tex. App.—Houston [14th Dist.] 1993, no pet.);
Chaouachi v. State, 870 S.W.2d 88, 90 (Tex. App.—San Antonio 1993, no pet.). The
statutory authority for waiver of a trial by jury carries with it the concomitant “right
to agree to a trial by jury composed of less that six men.” Mackey v. State, 68 Tex.
Crim. 539, 151 S.W. 802, 803 (1912) (holding statute provides that defendant in
misdemeanor case can waive jury altogether and “[t]his would carry with it the further
right to agree to a trial by a jury composed of less than six men.”); see also Kuhn v.
State, 151 S.W.2d 208, 210 (Tex. Crim. App. 1941); Hanley v. State, 909 S.W.2d
117, 119 (Tex. App.—Houston [14th Dist.] 1995, no pet.). Thus, when the jury
composed of six people is reduced to five jurors due to a juror becoming disabled, the
trial court could either declare a mistrial, or alternatively, it could proceed to a verdict
with the remaining five jurors if the State and defendant agree. See Schulman v.
State, 173 S.W. 1195, 1195 (Tex. Crim. App. 1915) (holding that jeopardy attached
when defendant was placed on trial before six jurors in misdemeanor prosecution and
appellant requested that they proceed to trial before five jurors when one juror was
excused, but court discharged jury over appellant’s protest).       
          D.      Analysis
           We address whether there was manifest necessity for declaring the mistrial that
occurred over appellant’s objection after the jury was sworn. See Arizona, 434 U.S.
at 497. Viewing the evidence in a light most favorable to the trial court’s ruling, the
evidence supports the trial court’s implicit determination that juror Headrick was
disabled due to illness since he could not return to work until after a stress test was
conducted a week later on August 21, if he could return at all. See Tex. Code Crim.
Proc. Ann. art. 36.29. The remaining question, therefore, is whether the trial court
erred by not considering a less drastic alternative to a mistrial by attempting to secure
a waiver of jury trial to proceed to verdict with the five remaining jurors.
          The State contends “appellant did not suggest to the trial court, nor has he
shown this court, that another less drastic solution should have been employed.” The
State’s assertion is inaccurate, because the record shows that appellant asked the trial
court to proceed to trial with five jurors. Nothing in the record suggests that 
proceeding with the five remaining jurors would not have been a viable, reasonable
alternative to declaring a mistrial. The State withdrew its motion for a mistrial, which
suggests it would not have opposed moving forward with the remaining five jurors.
Moreover, according to appellant’s affidavit attached to his application for writ of
habeas corpus, appellant “wanted to proceed to trial with the five remaining jurors
and have them decide my case if the court would allow.” The trial court told the jury
that the trial would last one and one-half days. Nothing in the record suggests that
the five remaining jurors would not have been available for that length of time upon
the court’s reconvening of the case. At most, one juror said he would be unavailable
for two days the following week for a business trip, but that juror was available the
other three days of that week. We conclude the trial court erred by failing to consider
the less drastic alternative—proceeding to trial with the remaining five jurors upon
receiving a written waiver from the State and appellant—to sua sponte declaring a
mistrial. See Ex Parte Fierro, 79 S.W.3d at 57 (holding that trial court erred by sua
sponte declaring mistrial in felony case because record did not show that trial court
considered less drastic alternatives such as “determin[ing] if the parties would be
willing to proceed with fewer than twelve jurors”). 
          Although the State did not file a motion for rehearing concerning our opinion
and judgment issued October 30, 2008, it did file a petition for review to the Court
of Criminal Appeals, asserting for the first time that it would be unconstitutional for
a trial to proceed with five jurors under the decision by the United States Supreme
Court in Ballew v. Georgia, 435 U.S. 223, 98 S. Ct. 1029 (1978). We issue this
opinion to address the new argument. The Supreme Court held that “trial on criminal
charges before a five-member jury deprived [Ballew] of the right to trial by jury
guaranteed by the Sixth and Fourteenth Amendments.” Ballew, 435 U.S. at 245, 98
S. Ct. at 1041. In Ballew, the court determined that the state of Georgia’s constitution
that provided that all misdemeanor juries must be composed of five people violated
the United State’s Constitution, which requires a minimum of six people for
composition of a misdemeanor jury. Id. at 226, 245, 98 S. Ct. at 1032, 1041. Ballew
is inapplicable to the circumstances before us because Texas conforms to the
requirements set forth by the Supreme Court by providing for misdemeanor juries
composed of six people. See Tex. Const. art. V, § 17; Tex. Code Crim. Proc. Ann.
art. 33.01 (Vernon Supp. 2008); Tex. Gov’t Code Ann. § 62.301 (Vernon 2005);
Ballew, 435 U.S. at 245, 98 S. Ct. at 141. Nothing in Ballew suggests that a
defendant may not knowingly waive his right to a jury composed of six people if he
makes a written waiver in person “in open court with the consent and approval of the
court, and the attorney representing the State.” Tex. Code Crim. Proc. Ann. art.
1.13(a); see Ballew, 435 U.S. at 245, 98 S. Ct. at 1041. Here, appellant did ask the
court to proceed to trial with fewer than six people, which is distinguishable from the
circumstances in Ballew, where Ballew requested that the court not proceed to trial
with fewer than six people. See Ballew, 435 U.S. at 225–26, 98 S. Ct. at 1031–32.
          We hold the trial court erred by sua sponte declaring a mistrial and that
appellant’s retrial for driving while intoxicated is barred by double jeopardy. See id.;
Schulman, 173 S.W. at 1195. We sustain appellant’s first issue and therefore need
not address the further challenges on the same grounds under the state constitution
and the Code of Criminal Procedure.
Conclusion
          We reverse the trial court’s order denying habeas corpus relief and remand this
cause to the trial court for action consistent with this opinion.


 
                                                             Elsa Alcala                                                                                                        Justice

Panel consists of Justices Taft, Keyes, and Alcala.
 
Publish. Tex. R. App. P. 47.2(b)